BENJAMIN H. HUTTON et al., as Trustees, etc., Respondents, *v.* JAMES BENKARD et al., Appellants.

In 1869 S. conveyed all of her estate to trustees, in trust, to convert into money, and keep the proceeds invested, applying the income and such portion of the principal as they should deem proper to her use during her life, and paying over the residue as she should by will appoint. In 1877 S. made a will, which made no reference to the trust, but by which she devised certain real estate, part of the trust estate, gave legacies amounting to $275,500, and gave her residuary estate, including that she might thereafter acquire or become possessed of, to seventeen beneficiaries named. At the time of the execution of the will and of her death, S., aside from the trust estate, only owned property of the value of about $25,000, which consisted principally of an undivided interest in the estate of a deceased sister. She was in the habit of spending all the income paid her by the trustees, and was well acquainted with the

Statement of case.

condition and amount of her estate. At the time of executing the will, S. was in delicate health, and was apprehensive that she might die at any moment. In an action by the trustees for an accounting and for directions as to the disposition of the trust estate, *held*, that the power of appointment reserved in the trust deed was properly and effectually executed both as to real and personal estate.

Where it appears, from the terms of a will, taken as a whole, and construed in the light of surrounding circumstances, that it was the intention of the testator in the dispositions made by him to execute a power of appointment, such intention will have effect although the power is not referred to in express words.

The provisions of the Revised Statutes in reference to powers (1 R. S., part 2, chap. 1, title 2, art. 3, p. 732 *et seq.*) apply so far as they can be made applicable to personal as well as to real estate, and the rules governing the construction of testamentary appointments in regard to real estate apply when they affect personal property.

The provision, therefore, of such statutes (1 R. S. 737, § 126), declaring that lands embraced in a power to devise shall pass by a will purporting to convey all the testator's real estate "unless the intent that the will shall not operate as an execution of the power shall appear, expressly or by necessary implication" applies to personalty.

(Argued April 16, 1883; decided April 24, 1883.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made the first Monday of October, 1882, which denied a motion made under section 1001 of the Code of Civil Procedure, for a new trial after an interlocutory judgment herein.

This action was brought by plaintiffs as trustees under a trust deed executed to them by Emma Magnin D. Collogny, afterward Emma Strecker, for the settlement of their accounts as trustees, and for the direction of the court as to the disposition of the trust estate.

The material facts are stated in the opinion.

*Charles M. DaCosta & William Jay* for appellants. At common law a valid execution of a power of appointment can only be effected by an instrument in which either the power or the subject-matter is specifically referred to. The want of such a reference cannot be supplied by parol, and if it be uncertain whether the act is done in execution of the power or

not, it will not be construed to be an execution of the power. (Worthington on Wills, Law Lib., 44 N. S. 295, 296; Powell on Powers, 118; 2 Story's Eq. Jur. [12th ed.], § 1062 *a*; Sugden on Powers [8th ed.], 300, 301, 317; Farwell on Powers [1874], 179; 2 Chance on Powers, 84; Powell on Devises [3d ed.], 70; Theobold on the Construction of Wills, 77, 78; O'Hara on the Construction of Wills, 208; Wigram on Wills, 67, 68; Jarman on Wills [Randolph & T.'s ed.], 272, 273; *Sir Edward Clere*, 6 Coke, 17 *b*; *Aylesworth* v. *Chadwell*, 3 id. 38; *Molton* v. *Hutchinson*, 1 Atk. 558; *Ex parte Caswell*, id. 559; *Lowson* v. *Lowson*, 3 Brown's C. C. 372; *Standen* v. *Standen*, 2 Ves. 589; *Bucklan* v. *Barton*, 2 H. Blackst. 136; *Langham* v. *Nenny*, 3 Ves. 467; *Croft* v. *Slee*, 4 id. 60; *Nannock* v. *Horton*, 7 id. 391; *Att'y-Gen.* v. *Vigor*, 8 id. 256, 292; *Bennett* v. *Aburrow*, id. 609, 616; *Bradley* v. *Westcott*, 13 id. 445; *Hellings* v. *Bird*, 11 East, 49; *Lowes* v. *Hackward*, 18 Vesey, 168; *Webb* v. *Honnor*, 1 J. & W. 352–357; *Lewis* v. *Lewellyn*, 1 Turner & R. 104; *Denn* v. *Roake*, 5 B. & C. 720; *Nowell* v. *Roake*, 2 Bing. 497, 504; 6 id. 475; *Jones* v. *Tucker*, 2 Mer. 533; *Jones* v. *Curry*, 1 Swart, 66; *Walker* v. *Mackie*, 4 Russell, 76; *Grant* v. *Lyman*, id. 293; *Adams* v. *Austin*, 3 id. 461; *Buxton* v. *Buxton*, 1 Keen, 755; *Lempreere* v. *Valpy*, 5 Sim. 108; *Lovell* v. *Knight*, 3 id. 275; *Hughes* v. *Turner*, 3 M. & K. 666; *Napier* v. *Napier*, 1 Sim. 28; *Owens* v. *Dickinson*, 1 Craig & Phil. 53; *Innes* v. *Sayer*, 8 Eng. L. & Eq. 157; *Lake* v. *Currie*, 2 DeG., M. & G. 536; *Harvey* v. *Stracey*, 1 Drewry, 112; *In re Morgan*, 7 Irish Ch. 18; *Blagge* v. *Mills*, 1 Story, 427, 446, 454; *Willard* v. *Ware*, 10 Allen, 263; *Bangs* v. *Smith*, 98 Mass. 271; *Reilly* v. *Chouquette*, 18 Mo. 228; *Frank* v. *Egglestone*, 92 Ill. 515; *Bingham's Appeal*, 64 Penn. St. 345; *White* v. *Hicks*, 43 Barb. 64; *Wetherill* v. *Wetherill*, 18 Penn. St. 265; *Jones* v. *Wood*, 16 id. 25; *Hollister* v. *Shaw*, 46 Conn. 248; *Morey* v. *Michael*, 18 Ind. 227, 246; *Bilderback* v. *Boyce*, 14 S. C. 539.) The provisions of the article of the Revised Statutes on uses and trusts do not apply to personal property, except in the instance where it is therein specifically mentioned. (*Kane*

v. *Gott,* 24 Wend. 641, 661; *Gilman* v. *Reddington,* 24 N. Y. 9, 12; *Graft* v. *Bonnett,* 31 id. 9, 19; *Power* v. *Cassidy,* 79 id. 602.) Where a trust is of personal estate, the execution of the trust, upon the death of a surviving trustee, descends to his personal representatives in accordance with the well-known common-law rule. (*Bucklin* v. *Bucklin,* 1 Abb. Ct. of App. Dec. 242; *Emerson* v. *Bleakley,* 2 id. 22; *Westmore* v. *Hegeman,* 88 N. Y. 69, 72.) The will must specifically deal with the property over which a power of appointment exists if it does not in terms refer to the power itself. (*Lake* v. *Currie,* 2 DeGex, M. & G. 536, 547; *Innes* v. *Sayre,* Eng. L. & Eq. 157.)

*George G. De Witt, Jr.,* for the trustees, respondents. In order to execute the powers of appointment it was not necessary for the testatrix to recite or refer to the same in her will. The intention to execute the powers and dispose of all her estate clearly appears. (2 R. S. [6th ed.], § 147, p. 1118; *Bolton* v. *DePeyster,* 25 Barb. 564–576; *Van Wert* v. *Benedict,* 1 Bradf. 122–123.) The article of the Revised Statutes relating to powers applies to personalty as well as to realty. (*Cutting* v. *Cutting,* 86 N. Y. 522.) As the will in suit clearly indicates an intention to execute the power of appointment, although it does not refer to it, it will be deemed an execution of the power. (*Braddish* v. *Gibbs,* 3 Johns. Ch. 523–551; *Heyer* v. *Burger,* 1 Hoff. Ch. 18; *Van Wert* v. *Benedict,* 1 Bradf. 115–123; *Bolton* v. *DePeyster,* 25 Barb. 577; *White* v. *Hicks,* 43 id. 64; 33 N. Y. 383; *Blake* v. *Hawkins,* 98 U. S. 315; *Crane* v. *Lessee of Morris & Astor,* 6 Peters, 598; 2 Washburn on Real Prop. [4th ed.] 658; Sugden on Powers [8th ed.], 289; *Keefer* v. *Swartz,* 11 Wright, 503; *Bishop* v. *Remple,* 11 Ohio St. 277.) By the very terms of the trust deed, it will be seen that the testatrix contemplated a disposition of her estate to charitable objects. (*Amory* v. *Meredith,* 7 Allen, 400; *Bangs* v. *Smith,* 98 Mass. 270; *Willard* v. *Waar,* 10 Allen, 263.) The evidence showing the condition of Mrs. Strecker's estate at the time she made the will was

properly admitted. ( *White* v. *Hicks,* 43 Barb. 91; 33 N. Y. 383; *Blake* v. *Hawkins,* 98 U. S. 315.)

*E. H. Landon* for the executors, respondents. The will was a valid execution of the power of appointment reserved by the trust deeds, and the real estate passed thereby. (1 R. S. 737, §§ 124, 126; id. 732, § 73; *Cutting* v. *Cutting,* 86 N. Y. 522.) Independent of the statute, the will was a valid execution of the power, as to the personal as well as the real property. ( *White* v. *Hicks,* 33 N. Y. 383.)

EARL, J. In August, 1869, Emma Strecker owned a large amount of real and personal property, and desiring to create a trust for her own benefit she made and executed a trust deed, whereby she conveyed all her estate to these plaintiffs, in trust, to convert the same into money at their discretion, to invest and keep the same invested, and to receive the income and profits of the same and apply them, and so much of the principal as they should deem proper to her use during her life; and upon and after her death, to pay and divide the principal of the estate, " to and among such person or persons, or bodies corporate or politic, and in such relative shares and proportions as she (Emma Strecker) shall by any instrument in writing in the nature of a last will and testament, executed in due form of law, limit or appoint, and in default of any such appointment, to pay and divide the same to and among such persons as shall then be her heirs at law, and in the same proportions they would by law be entitled to if the same were all real estate, and she had died intestate and possessed thereof in fee-simple, and not married.'' The plaintiffs as such trustees took possession of all the estate conveyed to them by the deed, and during the life-time of Mrs. Strecker, collected and received the income of the estate and from time to time paid the same over to her.

On the 24th day of October, 1877, Mrs. Strecker made and executed a last will and testament in due form of law; and on the 18th day of February, 1879, she died. The will was admitted to probate May 9, 1879, and letters testamentary were

issued to the defendants Landon and Corse, as executors, who qualified and entered upon their duties as such. By her will she devised two lots of ground in Greenwood cemetery to the trustees of the cemetery; distributed her household effects among various legatees, and bequeathed to various persons and religious and benevolent institutions in all $275,500. She devised all her undivided interest in certain parcels of land situated in the city of Newburgh, which she inherited from her grandfather, to the children of her brothers and of her sister; and disposed of her residuary estate as follows: "All the rest, residue and remainder of my estate, both real and personal, whatsoever and wheresoever, as well that which I now have as that which I may hereafter acquire, or die possessed of, or entitled to, including any portion of my estate that I have not hereinbefore effectually or sufficiently disposed of, I give, devise and bequeath, in equal shares and proportions, to the following charitable and benevolent institutions and societies;" and then she named seventeen benevolent institutions and societies located in the city of New York.

The trial court found that at the time she executed her will, and at the time of her death, Mrs. Strecker did not, aside from the estate held by the trustees under the trust deed, own any property, of any kind, exceeding in value the sum of $25,000, and that that property consisted principally of an undivided interest in the estate of her deceased sister, Mary Gordon, who died in April, 1876; that at the time of making her will, and prior and subsequent thereto, she was in the habit of spending and did spend all her income paid to her by her trustees; that at the time of making her will she was well acquainted with the condition and amount of her estate; that she could have had no reasonable expectation of increasing her estate by inheritance or accumulation, other than from the income of her estate held in trust, and her interest in her deceased sister's estate; and that she did not, thereafter, make any accumulation from either of those sources; that at the time of making her will she was in delicate health, and was apprehensive of heart disease, complained of pains about the heart, and expressed

fear that she might die at any moment; and that she intended by her will to execute, and did thereby execute, the power of appointment contained in the trust deed, and did, thereby, dispose of all her estate held by the trustees under the trust deed.

The sole question submitted for our determination is whether the power of appointment reserved to Mrs. Strecker in the trust deed was properly and effectually executed as to both real and personal estate by the will.

As to the real estate the question is easily solved by the express provision of the statute, which provides that "lands embraced in a power to devise shall pass by a will purporting to convey all the real property of the testator, unless the intent that the will shall not operate as an execution of the power shall appear expressly or by necessary implication." (3 R. S. 2193, § 126 [7th ed.].) This will purports to convey all the property of the testatrix, both real and personal, and the intention that the will shall not operate as an execution of the power does not appear, expressly or by necessary implication.

But the claim is very confidently made on the part of the appellants that there was not a valid execution of the power as to the personal property, because the will contains no reference whatever to the power, and does not purport, in its dispositions of the personal property, to be in execution of the power. If we concede the contention of the learned counsel for the appellants, that there should be a valid execution of the power as to the personal property tested by the rules of the common law, we are yet of opinion that under the common law, as expounded by the courts of this State, the power was effectually executed.

When a will is claimed to be effectual as an execution of a power, all parts of it may be considered and its language and terms construed in the light of circumstances surrounding the testator at the time of the execution of the will, and if, from all these, it can be seen that it was his intention, in the dispositions he made, to execute the power, such intention will have effect. The power need not be referred to in express

terms; no form of words need be used; but the will is to be construed, as all wills are to be construed, so as to give effect to the intention of the testator. If it can be seen that he intended to dispose, not only of the property which he owned in his own right, but of property which he had the right to dispose of just as effectually as if he did own it, under the power of appointment, then effect will be given to the intention, if that intention can be gathered from all the terms of the will, read in the light of such circumstances surrounding the testator at the time of its execution as are proper to be considered. In *Braddish* v. *Gibbs* (3 Johns. Ch. 522), Chancellor KENT said: "The rule is that if a will be made without any reference to the power it operates as an appointment under the power, provided it cannot have operation without the power. If the act can be good in no other way than by virtue of the power, and some part of the will would otherwise be inoperative, and no other intention than that of executing the power can properly be imputed to the testator, the act, or will, shall be deemed an execution of the power, though there be no reference to the power. Here the will can have no effect without the power, not even as to personal property, and if the power operates upon it at all it operates equally upon every part of the disposition." In *Heyer* v. *Burger* (1 Hoff. Ch. 1) it was held that a will, in the execution of a power of appointment, need not refer to the power and was well executed without any reference thereto. In *White* v. *Hicks* (43 Barb. 64), H. gave to his executors the sum of $100,000 in trust, to pay over the income to his daughter, R., during her life, and in case she should have no children or grandchildren living at the time of her death, then in trust to pay over one-half of such sum to such person or persons, whether her husband or otherwise, as she might, by last will and testament, appoint; and R. made a will by which she gave her husband $50,000 in general terms and without any reference to the power of appointment given her by the will of her father. It was held that the will was a valid execution of the power; also that evidence as to the circumstances or condition of the property or fund in the hands

of H.'s executors, to show that R.'s own savings or property were not sufficient to answer the special legacies bequeathed by her will, and of other extrinsic facts, as distinguished from what she said at or about the time of executing her will, was properly received. That case was appealed to this court, and is again reported in 33 N. Y. 383, and the judgment of the Supreme Court was here affirmed. In that case, in a very exhaustive and learned opinion, in which the numerous English cases are cited and criticised, DENIO, J., reached the conclusion, which was unanimously adopted by the court, that a person, entitled under a power of appointment to dispose of property by deed or will, may make such disposition by a proper instrument without inserting in it a reference to the power, if it otherwise appear that the intention was to execute the power; that it was competent for the court to compare the dispositions of the will with the testator's own property, and to deduce therefrom an intention to embrace in his testamentary gifts the subject he was entitled by the power to dispose of; that the English cases decided since the American Revolution, by which it was established that the amount of the testator's property could not be inquired into to show an intention to execute a power of appointment, are not to be followed in this State, especially as the rule has been disapproved of by English judges, and has recently been abrogated by an act of Parliament; that it was competent, not only to receive evidence respecting the property owned by the testatrix, but also in reference to her expectation of approximate death, on account of the state of her health, as bearing upon the construction to be given to her will; and that her intention could be collected from the provisions of her will, applied to the state of her property, and her personal condition at the time it was made.

Further citation of authority for a rule so reasonable is not needed.

In this case it must be borne in mind that the trust property came from her, and that she alone, during her life-time, was entitled to the entire income thereof for her sole use and benefit, and also to a portion of the principal if she should

need it, and that she reserved to herself the absolute, unrestricted disposal thereof by will. Hence it would not be unnatural for her, when she came to make a will, to treat this trust property, which she had the same right to dispose of by will to any person whatever, as she had to dispose of her own property, as if it were, in fact, absolutely hers. She had not more than $25,000 of property outside of the trust, and yet, making her will after for several years she had consumed the entire income of her trust property, when she could have had no expectation whatever of increasing her estate, at a time when she regarded the continuance of her life as very uncertain, and the possible approach of death very proximate, she disposed of $275,500 of personal property and yet supposed that there would be a large surplus, as she made a very careful disposition of the residue among numerous charitable and benevolent institutions. It would be quite absurd to suppose that she did not have in mind the trust property at the time she made these dispositions. Besides this, by the twenty-sixth clause of her will, it is clear that she devised real estate covered by the trust. Without referring to other indications of her intention, we think it is clear that she meant, by her will, to execute the power of appointment reserved to her in the trust deed.

In affirming the judgment of the court below we could rest here; but we go farther, and are of opinion that, even if this will would not have been a valid execution of the power of appointment as to the personal estate before the Revised Statutes, it is so now. It is provided that "powers as they now exist by law are abolished, and from the time this chapter shall be in force the creation, construction and execution of powers shall be governed by the provisions of this article." (3 R. S. [7th ed.] 2188, § 73.) This language is very broad; broad enough to include all powers, both as to real and personal property. The subsequent provisions in the same article seem in terms to relate mainly if not exclusively to real estate. But yet, by analogy, the rules for the creation, construction and execution of powers as to real estate should be applied, so far

as they can be, to personal estate. There should not be two rules, one applicable to personal and the other to real estate, by which to determine whether there has been a valid execution of a power; and to have different rules would certainly be very inconvenient and perplexing where the will disposes of both real and personal estate. It is a very rational construction of section 73 to hold that it abolishes all powers theretofore existing in reference to both real and personal estate; and that as to personal estate, the creation, construction and execution of powers are to be governed by the same rules, so far as they can be applied, which govern the creation, construction and execution of powers as to real estate. The surrogate of New York, in *Van Wort* v. *Benedict* (1 Bradf. 114), said: "Nor do I think it unreasonable to apply the same rule which the legislature has adopted for the construction of testamentary appointments in regard to real estate to such appointments when they affect personal estate, and to hold that personalty covered by a power shall pass by a bequest of 'all the personal property,' just the same as lands embraced in a power pass by a devise of 'all the real estate.' I think it would be a safe rule of construction, at least in cases where the estate was a single fund of a mixed character and the design of the testator was evidently to pass the entire corpus unbroken."

In *Bolton* v. *DePeyster* (25 Barb. 539), MITCHELL, P. J., writing one of the opinions of the court, after referring to section 126 above quoted, said : "This clause was introduced to put an end to the uncertainties previously existing whether a power was intended in each particular case to be executed or not. It lays down a clear rule which (I am of opinion) the courts must apply also to personal estate." In *Cutting* v. *Cutting* (86 N. Y. 522), we held that it was the intent of the legislature to make the article of the Revised Statutes "of powers" a complete and exhaustive Code on the subject, and that it included and was applicable as well to powers concerning personalty as to those affecting real estate. FOLGER, Ch. J., writing the unanimous opinion of his brethren, said : "It

would be an ill-featured anomaly in the law that there should be two so inconsistent rules in the same body of law, as that of English equity and that of the Revised Statutes, and that the revisers and the legislature intended that the rule which they declared in the article of powers should be as well the rule for the creation, construction and effect of powers concerning personal property," and that " there is certainly much force in the position that one body of law should not declare a different rule for two kinds of property when there is nothing in the nature of either kind of property, or in the nature and effect of the rule, that calls for it. Clearly in the nature of things there is no reason why a gift or bequest of personal property, with a power of disposition, should not be measured by the same rule as a grant or devise of real estate with the same power." Hence we are of opinion that the rule laid down in section 126, in reference to the execution by will of a power as to real estate, should also be applied to personal estate; and if so applied, it cannot be contended that this will was not a proper execution of the power of appointment as to the personal property, because there is certainly no intention manifested in it, expressly or by necessary implication, that the will should not operate as an execution of the power.

We are, therefore, of opinion that no error was committed in the decision below, and that the order should be affirmed, with costs.

All concur.

Order affirmed.