### NEW YORK LIFE INS. & TRUST CO. *v.* LIVINGSTON *et al.*

(*Supreme Court, General Term, First Department.* June 12, 1891.)

POWERS—APPOINTMENT BY WILL—EXECUTION.

Testator conveyed all his property to plaintiff in trust to rent the realty and invest the personalty, and pay the proceeds to testator (the grantor) during his life, and at his death to transfer to such persons, and in such shares as he should appoint by will, all the property then in plaintiff's hands. Afterwards testator devised and bequeathed to defendant "all the rest, residue, and remainder of my estate, both real and personal property, * * * which I may own or be in any manner entitled to at the time of my death." *Held,* that the will was a valid exercise, as to both personalty and realty, of the power of appointment reserved in the deed from testator to plaintiff; 1 Rev. St. N. Y. p. 737, § 126, which provides that "lands embraced in a power to devise shall pass by a will purporting to convey all the real property of the testator, unless the intent that the will shall not operate as an execution of the power shall appear expressly or by necessary implication," being held (*Hutton* v. *Benkhard*, 92 N. Y. 295) to apply to personal property as well as to real estate.

Appeal from special term, New York county.

Action by the New York Life Insurance & Trust Company, trustee, etc., of Clermont L. de Peyster, against John Henry Livingston, individually, and as executor of the last will and testament of Clermont L. de Peyster, deceased, Emma Minkler, Clermont Livingston, John Watts de Peyster, Estelle L. de Peyster, Johnston Livingston de Peyster, and John Watts de Peyster Toler, in which "plaintiff demands judgment that its accounts as trustee, as aforesaid, may be judicially passed, settled, adjusted, and allowed, and that it may receive the instructions and direction of this court as to the time and method of transfer and payment of the balance found remaining in its hands of the said trust funds, less its lawful commissions and the expenses of this action, as to the person or persons to whom the same should be transferred and paid over, and for such or further order, judgment, or relief as may be just and proper." The trial court held: "(1) The said Clermont L. de Peyster did, by the residuary clause of his said will, validly appoint the property covered by the said trust-deed to and in favor of the defendant John Henry Livingston individually, and for his own benefit. (2) That the plaintiff is entitled to commissions on the personal property belonging to the principal of the said trust fund now in its hands, amounting to the sum of $222.32, and that the said plaintiff is entitled to be paid out of the principal of said trust fund now in its hands, and the interest accrued thereon since the 1st day of October, 1889, its costs and expenses of this action, as hereinafter provided. That the defendant John Henry Livingston individually is entitled to receive the amount of income from real estate accrued since October 1, 1889, to-wit, the sum of $48.35, remaining in plaintiff's hands

as above found. (3) That the defendant John Henry Livingston individually is entitled to the amount above found to be in the hands of the plaintiff as income accrued on the personalty of the trust-estate since the 1st day of October, 1889, to-wit, the sum of $881.56, less deductions on account of the plaintiff's costs and expenses of this action, as hereinbefore provided. (4) That the said John Henry Livingston, as executor of the last will and testament of Clermont L. de Peyster, deceased, is entitled to the amount above found to be in the hands of the plaintiff on account of the income of the trust fund accrued prior to the 1st day of October, 1889, to-wit, the sum of $120.28. (5) I do hereby direct judgment to be entered herein adjudging the right of parties as hereinbefore set forth, and directing the plaintiffs to retain out of the principal of the said trust fund now in their hands, and the income accrued thereon since the 1st day of October, 1889, the sum of $200, which is hereby adjudged to them as and for an extra allowance, besides their taxable costs and disbursements, and directing the plaintiff to assign, transfer, and set over unto the defendant John Henry Livingston, individually for his own use and benefit, all the property now in its hands belonging to the principal of the said trust fund, to-wit, the following securities." From the judgment entered on such decision defendants John Watts de Peyster and Estelle L. de Peyster appeal.

Argued before VAN BRUNT, P. J., and BARRETT and PATTERSON, JJ.

*Geo. W. Ellis,* for appellant. *Parsons, Shepard & Ogden,* (*D. B. Ogden,* of counsel,) for respondent.

PATTERSON, J. The plaintiff was appointed trustee under deeds of trust made by Clermont L. de Peyster, the owner of real and personal property, which passed to the plaintiff under those deeds for the purposes of the trust. This action is brought to settle the accounts of the trustee, and to obtain the judgment of the court as to the person or persons to whom the *corpus* of the trust-estate shall be transferred and paid over. The contest is waged between different defendants, and the question litigated between them is as to the proper and sufficient execution of a power of appointment reserved by the settler of the trust in the instruments conveying and transferring the real and personal property to the trustee. In July, 1888, one of the trust-deeds was executed and delivered, and the other in August of the same year, but no change is made by the latter in the terms of the former deed respecting the subject now under consideration. By their provisions the trustee was to lease the real estate and keep invested the personalty, and pay over the income to the settler during his natural life, and upon his death "to convey, assign, transfer, and set over all the said property then in its hands, and any income thereon accrued since the last quarter day, to such persons and in such shares as shall be appointed by the said party of the first part by his last will and testament." On the 24th day of August, 1888, Mr. de Peyster made a will. Its second provision (a residuary clause) reads as follows: "I give and bequeath to my uncle, John Henry Livingston, of the town of Clermont, county of Dutchess, state of New York, all the rest, residue, and remainder of my estate, both real and personal property, of what nature or kind soever and wheresoever situate, which I may own or be in any manner entitled to at the time of my death." He died in December, 1889, and his will was duly admitted to probate by the surrogate of Columbia county in February, 1890. Do the provisions of the will recited constitute a valid and effectual exercise of the power of appointment? So far as the realty is concerned, there can be no doubt. It is expressly provided by section 73 of the statute of powers that in their creation, construction, and execution they are to be governed solely by the provisions of the Revised Statutes, and it is enacted by section 126 of that statute that "lands embraced in a power to devise shall pass by a will purporting to convey all the real property of the testator, unless the intent that the

will shall not operate as an execution of the power shall appear, expressly or by necessary implication." 1 Rev. St. p. 737.

This disposes of the realty, but the question remains as to the personalty. It is one settled, however, by authority. In *Hutton* v. *Benkhard*, 92 N. Y. 295, it was held that the rules governing the construction of testamentary appointments in regard to real estate apply when they affect personal property, so far as they can. There is no difficulty here in applying the analogy of the statute, or following the precedent cited. That rule, in a few words, is that both real and personal property pass by disposition under a will where the power of appointment resides in the testator. It is not for us to criticise that rule, but to recognize it, and, the court of last resort having held that, so far as the execution of a power of this kind is concerned, there is no difference between real and personal property, and that the will operates upon both, the only remaining inquiry is whether there is anything to show that the testator did not intend his will to be an exercise of the power of appointment he had reserved to himself as to the personal property. Nothing of the kind appears, certainly not expressly; nor is there anything which by necessary implication would produce that result. The intention of the testator is to be gathered from the four corners of the will, by taking all its provisions and conditions, and construing them in association and in the light of surrounding circumstances; and, so doing, we cannot find in the proofs a contrary intent to that which the will itself plainly imports when read in connection with the adjudged cases on the subject. The judgment must be affirmed, with costs. All concur.