## LOCKWOOD v. MILDEBERGER et al.

(Supreme Court, Appellate Division, Second Department. May 8, 1896.)

TESTAMENTARY POWERS—EXECUTION.

Testatrix was a beneficiary under her grandmother's will, which contained a bequest in trust for her for life, remainder to her issue, if any, with power, in case she died without issue, to give by will half of the trust estate to her husband. Besides the trust property, testatrix owned an estate of about $50,000 in her own right. By her will, made at the time of her marriage, after giving legacies to various persons, she devised some real estate owned by her to her husband, and provided that "all the rest, residue, and remainder of my estate, real and personal, I give, devise, and bequeath to any child or children that may be born to me, in equal shares. * * * In case, however, I die without issue me surviving, then I give all said rest, residue, and remainder of my estate to my husband." *Held* that, by such will, testatrix did not intend to execute the power given her under her grandmother's will, but she intended only to dispose of the estate held in her own right.

Appeal from special term, Westchester county.

Action by John E. Lockwood, as substituted trustee under the will of Catharine Lowerre, deceased, against Elwood Mildeberger and others. There was a judgment in favor of plaintiff, and defendant Mildeberger appeals. Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Theodore H. Silkman, for appellant.

Gratz Nathan and William R. Woodin, for respondents.

BROWN, P. J. This action was brought by the plaintiff to obtain a judgment for the final settlement of his accounts as trustee under the last will and testament of Catharine Lowerre, deceased, and for the distribution of one-sixth part of said estate held in trust for Adelaide L. Mildeberger, the granddaughter of Mrs. Lowerre, and the wife of the appellant, Elwood Mildeberger. Mrs. Lowerre died in 1875, leaving a last will and testament, whereby she bequeathed one-sixth of her residuary estate to her executors, in trust to apply the income to the use, maintenance, and education of her said granddaughter; and, upon her death, the said one-sixth was bequeathed to the lawful issue of said granddaughter then surviving, and, in default of issue, to the then surviving children of the testatrix, and the lawful issue then surviving of such children who had previously thereto died.

The said will also contained the following provision:

"Sixteenth. It is my further will that in case any one or more of my said children, or my said granddaughter Adelaide L. Lockwood, shall die with-

out leaving lawful issue surviving at his or her decease, every child and said grandchild so dying shall be, and hereby is, authorized and empowered to dispose of one equal half of the said sixth part of my estate hereinabove devised to or in trust for such child or said grandchild so dying, to the surviving wife or husband of such child or said grandchild, if any there shall be, by a last will and testament, or by any other instrument in writing, under his or her hand and seal, executed in the presence of two or more credible witnesses."

On June 10, 1891, the said Adelaide married the appellant, Elwood Mildeberger, and on that day executed a last will and testament, wherein, after some specific bequests and a devise to her husband of certain real estate in New York City, it was provided as follows:

"Fourth. All the rest, residue, and remainder of my estate, real and personal, I give, devise, and bequeath to any child or children that may be born to me, in equal shares, such shares to be paid to them upon their attaining twenty-one years of age; in the meantime, my executors to receive the rents, income, and profits, accumulating the same, or apply the same to such infants' benefit, according to their direction. In case, however, I die without issue me surviving, then I give all said rest, residue, and remainder of my estate to my husband, Elwood Mildeberger."

In March, 1895, Mrs. Mildeberger died without issue, and thereafter her will was duly admitted to probate. She left an estate in personal property amounting to between $50,000 and $60,000, and the real estate in New York City devised to the appellant.

The question presented on this appeal is whether the power vested in Mrs. Mildeberger by her grandmother's will was executed by the residuary clause of her will. The appellant contends that it was, and that, as residuary legatee, he is entitled to receive from the plaintiff one-half of the trust fund. The special term held that the power was not executed, and the judgment appealed from awards the fund to the heirs at law of Mrs. Lowerre in equal shares per stirpes.

By section 126 of the statute of powers (1 Rev. St. p. 737), it is enacted that:

"The lands embraced in a power to devise, shall pass by a will purporting to convey all the real property of the testator unless the intent that the will shall not operate as an execution of the power shall appear, expressly or by necessary implication."

By analogy, the same rule of construction applies to wills of personal property. Hutton v. Benkard, 92 N. Y. 295. The provision quoted changed the rule of the common law, which treated the question whether a particular disposition was an execution of a power as one of intention, whether the party meant to execute the power or not. 4 Kent, Comm. 333; Bennett v. Aburrow, 8 Ves. 609; White v. Hicks, 33 N. Y. 383–393.

The will of Mrs. Mildeberger does not indicate an affirmative intention to execute the power, neither does the intent not to execute it appear expressly therein; and our inquiry must therefore be whether an intention not to execute it appears by necessary implication. In determining this question, we may, I think, follow the rule applied in cases arising under the common law, where the inquiry was whether the testator, in the dispositions he made, in-

tended to execute the power. We may examine all parts of the will, and consider its language and its terms in the light of the circumstances surrounding the testatrix at the time of the execution of the instrument. We may compare the dispositions of the will with the testatrix's own property, if thereby we may ascertain whether there was an intention to embrace in the bequests of the will the property she was by the power entitled to dispose of. White v. Hicks, supra. Unless, however, it shall appear from an examination of the will, in connection with the circumstances surrounding the testatrix, that she did not intend to execute the power, the statutory presumption must prevail. Mrs. Mildeberger, at the death of her grandmother, was 15 years of age, and, at the date of her marriage and the execution of her will, was about the age of 30 years. There is nothing in the record that shows she had actual knowledge of the existence of the power in her grandmother's will; but she had been in receipt of the income of the trust fund for many years, and we must presume that she was acquainted with the terms of the trust, and the power vested in her as to the disposition of a part of the trust fund. It is stated in the appellant's brief that she never knew that she was possessed of any power of appointment under her grandmother's will. I am unable, however, to find any authority for that statement; and it would be, I think, remarkable, if a person of her mature years, having received the income from the trust fund for so long a time, had not been informed of her rights in reference thereto.

We are of the opinion that the will, read in connection with the other facts shown by the testimony, indicates that Mrs. Mildeberger intended not to execute the power. She possessed, at the date of her will, in her own right, real estate in the city of New York, and personal estate amounting to about $50,000. By her will, she devised the real estate to her husband, and bequeathed about one-half of her personal estate in specific legacies. She then gave "all the rest, residue, and remainder" of her estate to any child or children that should be born to her, in equal shares, to be paid to them upon attaining 21 years of age. It is plain that these provisions related solely to her individual estate, and had no reference to the power. The power was special, in that the disposition which it authorized was limited to be made to her husband. It could not be executed for the benefit of her children. In default of its execution, the trust fund passed to her children under her grandmother's will. We cannot assume that Mrs. Mildeberger intended to repeat the provision of her grandmother's will in this respect, especially in view of the fact that the bequest is operative upon her own individual estate. Following the bequest to the child or children that should be born to her is the bequest to her husband. It is in the following language: "In case, however, I die without issue me surviving, then I give all said rest, residue, and remainder of my estate to my husband, Elwood Mildeberger." It is quite apparent that the testatrix intended, in case she died without children, to give to her husband the same property that she gave to her children, if any such should be born to her. In other words, she intended to dispose of her own estate, and

no more. The clear expression of her intention to limit the operation of her will to her own individual estate necessarily implies an intent not to execute the power. She knew that, upon her failure to execute the power, the corpus of the trust fund would go to her children, and, in case no children were born to her, to the heirs at law of her grandmother. So far as we can judge from her acts, she was content with that disposition of the fund. Very clearly, she did not intend that her husband should take all of her property. She gave to him only about one-half of her own personal estate, the rest going to friends and charitable institutions. The fair inference from all the facts before us is that, as to the corpus of the trust fund, she was content with the disposition made by her grandmother's will.

The judgment should therefore be affirmed, with costs to the parties who have appeared on this appeal, payable out of the fund. All concur.