## Nolan's Trust Estate.

*Decedents' estates—Executors and administrators—Payments to executors—Discharge of debtor.*

1. A bona fide payment to an executor to whom letters testamentary have been regularly issued by an authority having jurisdiction to grant the same is a legal discharge of the debtor; it is not material that the validity of the will has been contested, and that the period for taking an appeal from a decree admitting the will to probate has not expired.

*Wills—Powers—Trust settlement—Property passing by general devise.*

2. Where the owner of certain personal property consisting of cash and securities gave the same in trust for the use of the settlor for life with power of appointment by will and thereafter by will disposed of all his estate, and upon his death it appeared that he was possessed of practically no property other than that which he had given in trust, such property passed under the will.

Argued Sept. 30, 1915. Appeal, No. 243, Jan. T., 1916, by Reading Trust Company, Trustee of Francis Reilly Nolan (under a Declaration of Trust), from decree of C. P. Berks Co., Jan. T., 1915, No. 59, requiring respondent to file an account In re Trust Estate of Francis Reilly Nolan. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Petition for a citation to require the trustee to file an account.

WAGNER, J., filed the following opinion:

The facts in this case are not in dispute. Prior to October 6, 1913, Francis Reilly Nolan was possessed of personal property valued at $30,000, of which $10,692 was cash, and the balance consisted of stocks and securities. On said date he went to his attorney, William J. Rourke, and there executed a deed of trust to the Reading Trust Company, for the uses, premises, and objects declared in the deed of trust; that is, that the company retain the securities and invest and reinvest the $10,692 cash, collect the dividends, etc., and after deducting the costs incident to the execution of this trust, apply all the proceeds in monthly installments, during the whole of the lifetime of the said Francis Reilly Nolan, to his support and maintenance. The deed of trust also contained this stipulation:

"It is hereby especially stipulated and agreed that the said F. Reilly Nolan, may, by last will and testament or any writing in the nature thereof, to take effect after his death, dispose of the trust funds remaining in the

hands of the said The Reading Trust Company, or its successors, to and among such person or persons, and for such estate or estates, and in such proportion as the said F. Reilly Nolan may order and direct."

And then provided in the following clause:

"And should the said F. Reilly Nolan die intestate, then it, The Reading Trust Company, shall pay such fund to such persons as would be entitled to the same under the intestate laws of the Commonwealth of Pennsylvania."

On October 9, 1913, three days after the execution of this deed of trust, Francis Reilly Nolan executed his will, which was written by Wm. J. Rourke, the attorney who drew up the deed of trust. At the time of making this will, Francis Reilly Nolan was possessed of no property other than that which three days prior to the execution of the will he had deeded to the Reading Trust Company, and an undivided interest in real estate in Philadelphia, valued at about $2,500.

In the depositions that were taken in this case, this question was asked Mr. Rourke:

"Was the will that was drawn done in pursuance to the knowledge you had at the time, or in pursuance to the Deed of Trust?"

He answered:

"I cannot answer this positively, but presume it was. It followed so closely that it would seem the will was drawn in connection with that. My recollection is that the deed of trust was drawn on the 6th of October, 1913, and that the will was drawn within a few days, and executed on the 9th of October, 1913."

Also in answer to the question:

"But there was no mention of any other estate of which he was possessed at the time of drawing the will?" he said:

"There was no other estate, nor did I know that he possessed any other estate."

In his will he bequeaths to the Sisters of St. Francis

of Reading, Pa., the sum of $5,000, and also directs that immediately after his death his executor named in the will set apart and pay into the Reading Trust Company, of Reading, Pa., as trustee, the sum of ten thousand dollars to be invested for the use and benefit of his aunt, Matilda McDonough. The rest, residue, and remainder of the estate he bequeaths to John Elwood See, and appoints Edward C. Nolan as his executor. Francis Reilly Nolan died on June 2, 1914.

At the time of his death the only property that he had was this that had been placed in trust, other personal property amounting to about $25, and the aforesaid interest in real estate in Philadelphia. His debts amounted to about $900. Charles B. Nolan and others, on June 8, 1914, filed a caveat against the probate of the will of Francis Reilly Nolan. After hearing, the register of wills granted letters on October 27, 1914, to Edward C. Nolan, the party named as executor in the will.

The Reading Trust Company, trustee, in opposing the petition of Edward C. Nolan for a citation directed to the Reading Trust Company to show cause why the account of its administration of the trust fund should not be filed, assigned two reasons. First, that although letters of administration have been granted to Edward C. Nolan, yet, since, as the trust company claims, the parties who were interested in filing the caveat have three years' time within which to appeal from the decision of the register of wills, that therefore it would not divest itself of liability by turning over its trust fund to the executor until three years after the granting of letters, that is, not until after October 27, 1917. Second, that the trust funds in its possession under the deed of trust do not pass by the will of Francis Reilly Nolan.

Zeigler v. Storey, 220 Pa. 471, together with the cases therein cited, is a complete answer to the respondent's first contention. In this case it is held that: "A bona fide payment to an administrator to whom letters have

been regularly issued by an authority having jurisdiction to grant letters testamentary or of administration, is a legal discharge to the debtor.

We also are of the opinion that respondent's second position is not tenable. It is clear that prior to the deed of trust the $30,000 in cash and securities was the absolute property of Francis Reilly Nolan, and which could be disposed of by him in such manner as he desired. It is only as he disposed of this property and to the extent to which he disposed of it, that it passed beyond his control. This deed of trust is not an absolute conveyance of the $30,000 to the Reading Trust Company. It was trustee merely to retain, invest, and reinvest during the lifetime of Francis Reilly Nolan, and after payment of expenses and other costs, turn over the net income to Francis Reilly Nolan. Even, therefore, without a reservation in this deed of trust this fund was subject to future control, by will, of Francis Reilly Nolan. But this deed of trust contains the express provision, as is already noted, that Francis Reilly Nolan may dispose of this property by will, and further states that should the said Francis Reilly Nolan die intestate, then the Reading Trust Company shall pay to the persons entitled under the intestate laws. This would have been the result by law even had this express provision not been contained in this deed of trust. But, having been placed therein, the two provisions clearly indicate the intent of Francis Reilly Nolan as to the disposition of his property. The authority for the will is not by virtue of this stipulation in the deed of trust, but because Francis Reilly Nolan retained to himself an interest in the property that he could dispose of by will. That is, he still had an estate in the $30,000, with the consequent power of will over it: Birdsall v. Richards, 18 Pa. 256.

It seems clear that taking into consideration this deed of trust, the will, the times of making the two, the extent of the conveyance, and the amounts disposed of in

the will, that this shows that what Francis Reilly Nolan had in mind and disposed of in the will included this $30,000 trust fund. This intent becomes still more evident when we take into consideration the facts as disclosed by the depositions surrounding the deed of trust, the making of the will, the amount of property of which he was possessed, both at the time the deed of trust was executed and the will made, and the provisions of the will taken in connection therewith. These circumstances must be considered in arriving at the intent of the testator. See Hermann's Est., 220 Pa. 52, 58, where it is held that: "All the surrounding circumstances of the testator—his family, the amount and character of his property—may and ought to be taken into consideration in giving a construction to the provisions of his will."

The conclusion to which we necessarily come is, that when Francis Reilly Nolan specifically, by will, disposed of $15,000, to take effect immediately after his death, with a further disposal of the residue of his estate, and at the time of making the will, did not have any property in excess of $3,000 other than this trust fund, and which will he made three days after the creation of the trust, that his intent was to, in this way, dispose of that interest which he still retained in the trust fund and that the trust fund is disposed of by his will. We consider that plaintiff's petition should be granted and counsel is directed to draw up the necessary order and submit it to the court for approval.

The court awarded a citation requiring the Reading Trust Company, trustee, to file an account of its administration of the trust estate. The Reading Trust Company appealed.

*Error assigned,* among others, was the decree of the court.

*William J. Rourke,* for appellant.

*Joseph R. Dickinson* and *J. Bennett Nolan,* for appellee, were not heard.

PER CURIAM, January 3, 1916:

The decree is affirmed on the opinion of the learned court below.