In the Matter of the Estate of JOHN LYNN, Deceased.

Surrogate's Court, New York County, May 29, 1940.

*Gifford, Woody, Carter & Hays,* for the petitioners.

*Choate, Larocque, Mitchell & Ely* [*Edward G. McLaughlin* of counsel], for the respondent Ethel Lynn McCarthy, individually and as executrix, etc., of Edgar Allan Lynn, deceased.

*James J. McLoughlin,* for the respondent Eric Victor Smaje, individually and as executor, etc., of Edgar Allan Lynn, deceased.

*Cullen & Dykman* [*Francis A. Booth* of counsel], for the Brooklyn Trust Company, as assignee of Eric Victor Smaje.

*Edwin E. Singer* and *S. Earl Levene,* for the respondent Mariano R)drigues.

FOLEY, S. The question of construction presented in this accounting proceeding is whether the power of appointment given by the testator to his son, Edgar Allan Lynn, in the eighth paragraph of his will was exercised by the general residuary clause of the donee's will, or whether it was exercised by the provisions for the preliminary pecuniary legacies and by the trust provisions preceding the residuary clause. In the event that the latter alternative applies, the subordinate question is presented as to whether the merged individual and appointive property may be used specifically for the purpose of setting up the preliminary trust.

John Lynn, the donor of the power, bequeathed to his executors the sum of $100,000, in trust, to pay the net income to his son, the donee, Edgar Allan Lynn, during his life. He empowered his son to dispose of the principal by his last will and testament.

Edgar Allan Lynn received the income from the trust up to the time of his death, June 9, 1939. In his will he made no specific mention of the power of appointment given him by the will of his father. He bequeathed to his sister a legacy of $75,000, and to a friend, Eric Victor Smaje, he gave a legacy in the same amount. He next directed his executors to set up a fund sufficient to yield an income of forty dollars a week, and directed them to pay that sum periodically to his friend, Mariano Rodrigues. He specifically provided, however, that such fund was to be set up only out of any sums remaining after the legacies had been apportioned to his sister and Smaje. In the event that the funds remaining after the payment of the two legacies were insufficient to produce such income, he directed them to pay the income from whatever sum remained. At Rodrigues' death, he provided that the principal of the fund was to become part of his residuary estate. The residuary estate was given to his sister and his friend Smaje in equal shares.

Edgar Allan Lynn did not leave sufficient property to pay the general legacies in full. His personal estate amounts to approximately $118,000, an amount insufficient to pay in full the two preferred pecuniary legacies aggregating $150,000.

Although the will of Edgar Allan Lynn made no specific mention of the power of appointment, the property embraced within that power passes thereunder, nevertheless, since the will purported to pass all of the property of the testator. (Pers. Prop. Law, § 18; Real Prop. Law, § 176; *Low* v. *Bankers Trust Co.*, 270 N. Y. 143; *Lockwood* v. *Mildeberger*, 159 id. 181.) There is no need to search for his intent, for it is not necessary that he had in mind the execution of the power when he executed his will. The " statute steps in and sends the property, subject to the power, in the same direction as that in which the testator sent her own property." (*Lockwood* v. *Mildeberger, supra*, p. 188.)

The parties here do not dispute this conclusion. They concede that the power was exercised, but disagree on whether it was exercised in the residuary clause, or whether it was the donee's intention to use both his personal estate and his appointive estate together for the purpose of completely executing his testamentary plan.

Ordinarily, the property embraced within a power of appointment is conceived as passing under the residuary clause of the donee's will, when the will is otherwise silent as to the execution of the power. (*Lockwood* v. *Mildeberger, supra; Matter of Wainwright*, 248 App. Div. 336, 341; *McLean* v. *McLean*, 174 id. 152, 156; affd., 223 N. Y. 695.) The general rule is that the testator's individual estate, not otherwise disposed of, constitutes the primary fund for the payment of legacies. " This rule is controlling unless

the will, either in express terms or by necessary implication, discloses a different intention on the part of the testator." (*Farmers' Loan & Trust Co.* v. *Kip*, 192 N. Y. 266, 283; *Low* v. *Bankers Trust Co.*, 270 id. 143, 150.)

It is asserted by Mariano Rodrigues, the beneficiary of the annuity, that the donee has here disclosed, by necessary implication, an intention that the appointive estate was to be merged with his personal estate and applied to the general provisions of the will.

No such indication of intent can be found in the will. On the other hand, contradictory of any such inference is the language of the will itself. He directed his executors to set up the trust fund for Mariano Rodrigues " from my estate." The use of the words " my estate " is clearly expressive of an intention that only his individual estate should be used for that purpose. (*Low* v. *Bankers Trust Co.*, *supra*, p. 150; *Matter of Brown*, 169 Misc. 43, 54.) Typical of cases where there was a merger of the individual and appointive estates is *Matter of Wainwright* (248 App. Div. 336). In that case the testator stated at the very beginning of the will that he made his last will " intending hereby to dispose of all the property of which I may have the right or power to dispose at the time of my death."

Moreover, the donee here clearly envisioned the possibility that the sum remaining would be insufficient to set up such a trust fund, and made provisions for such a contingency. The gift to Rodrigues was expressly made subordinate to other dispositions. An examination of the entire will compels the conclusion that the donee had in mind only the distribution of his own individual estate, and seemed wholly oblivious of the property over which he held a power of appointment.

The doctrine of marshaling of assets has no application here. (*Farmers' Loan & Trust Co.* v. *Kip*, 192 N. Y. 266, 283; *Matter of Lawrence*, N. Y. L. J. Dec. 2, 1936, p. 1964.)

The decision in *New York Life Insurance & Trust Co.* v. *Livingston* (133 N. Y. 125), which is urged by counsel for Mr. Rodrigues in support of their contention, is in no way applicable to the issues here presented.

The surrogate holds, therefore, that the power of appointment bestowed by the decedent in the eighth paragraph of his will upon his son, Edgar Allan Lynn, was effectively exercised by the donee in the residuary clause of his will. Thereby, the appointive property vested in equal shares in his sister, Ethel Lynn McCarthy, and his friend, Eric Victor Smaje. The trust fund for the benefit of Mariano Rodrigues and the direction for the payment of income wholly failed as to the appointive property.

Submit decree on notice settling the account and construing the wills accordingly.