In the Matter of the Judicial Settlement of the Account of Proceedings of SARAH M. LYNN and Others, as Trustees under Paragraph "Eighth" of the Last Will and Testament of JOHN LYNN, Deceased, for the Benefit of EDGAR ALLAN LYNN and for a Construction of Said Will as to the Exercise of the Power of Appointment by the Said EDGAR ALLAN LYNN.*

MARIANO RODRIGUEZ, as Legatee under the Last Will and Testament of EDGAR ALLAN LYNN, Deceased, Appellant; SARAH M. LYNN and Others, as Trustees under Paragraph "Eighth" of the Last Will and Testament of JOHN LYNN, Deceased, and Others, Respondents.

First Department, March 21, 1941.

* Modfg. and affg. 174 Misc. 361; and affg. 175 id. 441.

*Donald T. Mullane* of counsel [*Harold V. Dixon* and *Leonard H. Rapaport* with him on the brief; *Edwin E. Singer* and *S. Earl Levene*, attorneys], for the appellant.

*Edward G. McLaughlin* of counsel [*Casimir J. F. Patrick* with him on the brief; *Choate, Larocque, Mitchell & Ely* and *James J. McLoughlin*, attorneys], for the respondents Ethel Lynn McCarthy and Eric Victor Smaje, individually and as executrix and executor, etc., of Edgar Allan Lynn, deceased.

*Alexander R. Kellegrew* of counsel [*Gifford, Woody, Carter & Hays*, attorneys], for the respondents Sarah M. Lynn, Buell Hollister and Guaranty Trust Company of New York.

MARTIN, P. J. John Lynn died a resident of the State and county of New York, leaving a last will and testament which provided for a trust of $100,000, the income payable to his son, Edgar Allan Lynn, during his life, with power to dispose of the principal by his last will and testament. Edgar Allan Lynn died, leaving a will which has been duly admitted to probate in the Surrogate's Court of Kings County. This will makes no mention of the power of appointment granted to him by the will of his father.

By his last will and testament, Edgar Allan Lynn bequeathed to his sister, Ethel Lynn McCarthy, a legacy of $75,000, and to a friend, Eric Victor Smaje, a similar legacy of $75,000. He then directed his executor to pay to his friend, Mariano Rodrigues, the sum of forty dollars per week out of funds remaining in his estate after the bequests of $75,000 each had been paid to his sister and to Eric Victor Smaje. In the event that the funds remaining after payment of the legacies to his sister and Smaje were insufficient to pay forty dollars a week, then it was directed that a fund should be set up of such sum as might remain over and above the preferred pecuniary bequests and the income should

be paid to Rodrigues, and upon the death of Rodrigues the principal of the fund was to become part of the residuary estate. The residuary estate was given to the testator's sister and his friend Smaje in equal shares. The personal estate of Edgar Allen Lynn amounted to approximately $118,000, an amount insufficient to pay in full the preferred pecuniary legacies amounting to $150,000.

In the proceeding for the settlement of the account of the trustees under the will of John Lynn, the Surrogate's Court has held that the power of appointment was effectively exercised by Edgar Allan Lynn in the residuary clause of his will and that no part of the $100,000 over which he had the power of appointment was available to the general legacies. With this result we are unable to agree.

Section 18 of the Personal Property Law reads as follows: " Personal property embraced in a power to bequeath, passes by a will or testament purporting to pass all the personal property of the testator; unless the intent, that the will or testament shall not operate as an execution of the power, appears therein either expressly or by necessary implication."

In England there is a similar provision (Wills Act, 1837 [7 Will. 4 & 1 Vict. chap. 26], § 27). In 25 Halsbury's Laws of England ([2d ed.] p. 545) it is said: " The provision applies only to general powers, not to limited powers; and its language confines its operation to property described in a general manner, and does not include gifts of particular property. General pecuniary legacies are bequests of personal property described in a general manner, and, if no fund is indicated out of which they are to be paid, money over which the testator had a general power of appointment is made available by the provision above referred to to the extent to which the testator's own property is insufficient for this purpose. A gift of ' stocks, shares, and securities,' or of ' all stocks, shares and securities which I possess or to which I am entitled,' is within the provision. So also is a gift of ' all my shares ' in a certain undertaking. A gift of ' my real estate ' or ' my personal estate ' is not the less general because the testator uses the word ' my.' So, too, the appointment of a residuary legatee, without any words of gift, is equivalent to a general residuary bequest and consequently has the same operation as such a bequest under the above provision; and the appointment of an executor, coupled with the gift of pecuniary legacies, operates as an appointment of a fund the subject of a general power of appointment to the extent of the amount required for the payment of the legacies, and also of the debts which must be discharged before the legacies can be paid; and a direction for the payment of the debts, without more, is

also sufficient, but it has not yet been decided that an appointment of an executor, without more, would make the fund assets for all purposes."

Ordinarily the intention of a testator to dispose of all of his property may be evidenced by a residuary clause. There is language in some of the cases which gives the impression that property embraced within a power of appointment passes under the residuary clause of the donee's will, unless the will, either in express terms or by necessary implication, discloses a different intention on the part of the testator. There is, however, no definite rule. In *Lockwood* v. *Mildeberger* (159 N. Y. 181) it appeared that the testatrix had both a private estate and a power of appointment, and the question involved was whether the power of appointment had been exercised. The court said (at p. 186): " It was held by this court in *Hutton* v. *Benkard* (92 N. Y. 295) that the rule laid down in section 126█ (*supra*), touching the execution by will of a power as to real estate, should be applied to personal estate also, and it follows, therefore, that it is the law of this State that by the residuary clause, by which Mrs. Mildeberger gave to her husband all the rest, residue and remainder of her estate, she executed the power of appointment given to her by her grandmother's will, unless it appears expressly, or by necessary implication from the language of the will, that it was not her intent that the will should operate as an execution of the power.  *  *  *.''

Upon reference to *Hutton* v. *Benkard* (92 N. Y. 295), which Chief Judge Parker cited as authority for the conclusion expressed, it will be found that that case holds that where it appears from the terms of a will taken as a whole and considered in the light of surrounding circumstances that it was the intention of the testator, in the disposition made by him, to execute the power of appointment, such intention will have effect although the power is not referred to in express words.

As we read section 18 of the Personal Property Law, there is nothing which requires an interpretation that property under power of appointment passes only in accordance with the provisions of a residuary clause. In 91 A. L. R. 450 (2) it is said: " A power of appointment exercisable under a statute by means of a general or residuary devise or bequest has been held to be exercised by the entire will, and not merely by the residuary clause, where the instrument contains both general legacies and a residuary clause." *Nolan's Trust Estate* (251 Penn. St. 309; 96 A. 714); *Blackburne's Estate* (290 Penn. St. 55; 138 A. 538); *Moran* v. *Cornell*

(49 R. I. 308; 142 A. 605), and other cases cited, will be found in support of this statement.

In *Merwin* v. *Safe Deposit & Trust Co. of Baltimore* (171 Md. 346; 188 A. 803) a factual situation similar to that now before us was considered by the court. The testatrix had a personal estate and a power of appointment. Her will made no mention of the power of appointment. Her own estate was insufficient to pay the pecuniary legacies in full. In applying the statute and holding that the pecuniary bequests were entitled to payment from the trust property, the court said, in part:

" * * * There is in this will no single provision under which all the property of the testatrix is intended to pass. The will as a whole operates upon the entire estate, but that is not the effect of any one of its several devises or bequests. The statute would have a very limited availability if it were designed to apply only to a ' devise and bequest ' which by itself purported ' to be of all real and personal property belonging to the testator,' and to be inapplicable to a will which fully disposed of the estate but only as the combined results of distinct provisions. In our opinion the statute does not have such a restricted meaning and purpose. According to our interpretation, it applies to wills containing devises or bequests which, considered together, purport to exhaust the testator's property. * * *.

" It would not be consistent with the design of the statute to give the residuary clause alone the benefit of the presumed intention of the testatrix to exercise her power to make testamentary disposition of the trust estate of which she was the beneficiary during her life. By the residuary clause the testatrix did not devise and bequeath all of her property, but only the portion remaining after the primary legacies were paid. The complete disposition of her estate was accomplished by the combination of pecuniary and residuary bequests."

It is urged that the Maryland statute is to be distinguished from the statute in this State because the particular section of the New York statute is introduced as follows: " Power to bequeath executed by general provision in will," and it is contended that the only general provision of a will is the residuary provision, and the Legislature must have had this in mind when the section was drawn. We are of the opinion that a reading of section 18 in its entirety does not warrant the placing of emphasis on the words " general provision." What is intended is that property subject to power of appointment shall pass under the general language of a will purporting to dispose of all of the property of the testator; otherwise, the broad, beneficial effect of the statute would be

defeated. It is not unusual for an individual, in making his will, to first provide for those in whom he is particularly interested, after which he may be willing to have what is left pass to charity under a residuary clause. Adoption of the rule urged by the respondents here could readily occasion hardship and injustice.

It was stipulated on the oral argument in this court that the estate of Edgar Allan Lynn, apart from the funds over which he had power of disposition, amounted to $118,000 when he executed the will. The testator must be deemed to have known this, as the will has been admitted to probate, and knowledge of the approximate amount and extent of one's property is essential for testamentary capacity. Light can be thrown upon a testator's intention from all the surrounding facts and circumstances as well as from the language of the will. (See *Matter of Neil*, 238 N. Y. 138, at p. 140.) Inasmuch as his personal estate was wholly insufficient to pay even the two preferred legacies (not to speak of the additional legacy that was to produce forty dollars a week), the testator must have intended to make available for his preferred and general legatees the property over which he has power of appointment, to the extent to which his own property was insufficient to carry out the expressed intention of his will. Otherwise, his preferred legacies and the general legacy would be empty gestures and known to be such by the testator at the time he made his will. The court should not adopt a construction which would frustrate the testator's intention and make futile the fulfillment of such intention.

We are of opinion that the better rule is that when the power of appointment is deemed exercised through the application of the statute, the testator must be taken as exercising his general power to the extent to which the fund subject to it is required to make all lawful provisions of the will effective. (*Matter of Seabrook* [*Gray* v. *Baddeley*], [1911] 1 Ch. 151.)

The decree appealed from should be modified, in accordance with this opinion, and as so modified affirmed, with costs to the appellant payable out of the estate.

The order denying the motion to vacate said decree and for a new trial on the ground of newly-discovered evidence should be affirmed.

UNTERMYER and DORE, JJ., concur; COHN and CALLAHAN, JJ., dissent.

CALLAHAN, J. (dissenting in part). Edgar Allan Lynn, now deceased, held a power of appointment under the will of his father, John Lynn, which power authorized the donee by his will to dispose

of the principal of a trust fund created by the donor. In making his will, however, Edgar Allan Lynn made no mention of this power of appointment. The terms of his will in this respect are precisely the same as the will involved in the case of *Low* v. *Bankers Trust Co.* (270 N. Y. 143, 150), where the situation was described as follows: " We can read this will from beginning to end without receiving a suggestion or intimation that the testator had a power of appointment under the deed of Francis L. Hine. The will does not indicate that he even had the power of appointment in mind or that he actually or in fact intended to exercise the power of appointment. It is section 18 of the Personal Property Law, read into this will, which makes it obligatory upon the courts to consider the passing of all personal property as including the power of appointment. This section, however, does not prevent us from seeking the testator's intention as to other matters from the reading of his will, having in mind the situation and condition of his property."

The " other matters " referred to in the foregoing quotation would seem to mean matters other than the question of the intention to exercise the power of appointment. That intention is conclusively presumed by law. Our present problem is to seek the testator's intention concerning the fund from which a certain legacy to one Rodriguez, set up in the will of Edgar Allan Lynn (the name of said legatee being spelled " Rodrigues " therein and referred to at length hereafter), was to be supplied.

In his will Edgar Allan Lynn made two bequests: one to his sister of $75,000 absolutely, and the second to a friend, Eric Victor Smaje, of a like sum. He then directed that the sum of forty dollars a week be paid to a second friend, Mariano Rodriguez, during the latter's lifetime, and directed his executors to set up a fund " from my estate " the income of which should be sufficient to pay the sum of forty dollars per week. The will specifically provided that this fund was to be set up from funds remaining after the two bequests of $75,000 each to his sister and Smaje had been paid. The will also provided that in the event there remained a sum in excess of the amount necessary to set up the fund for Rodriguez, the excess was to fall into testator's residuary estate. In the event the sum remaining after paying the two aforementioned bequests was insufficient to set up a fund, the income of which would pay forty dollars a week to Rodriguez, then a fund was to be set up of such sum as remained over and above the two pecuniary bequests. Whatever income was thus raised was to be paid to Rodriguez.

The parties concede that by reason of the provisions of section 18 of the Personal Property Law, there was a valid exercise by Edgar Allan Lynn of the power of appointment created in his father's will. This is because the statute provides that personal property embraced in a power passes by any will purporting to pass all the property of the testator, unless the contrary intent shall appear expressly or by necessary implication.

Upon the accounting of the trustees under the will of the father, John Lynn, said trustees asked for construction of the will of Edgar Allan Lynn. The necessity for such construction arose because it was found that the personal estate of Edgar Allan Lynn amounted to only $118,000. The value of the appointive property under his father's will amounted to $100,000. It became apparent, therefore, that without the appointive estate the legacy to Rodriguez could not be fulfilled. The facts concerning the size of the estate of Edgar Allan Lynn were stipulated before the surrogate, but, in so far as we can ascertain from the record, the parties limited their stipulation to the values at the time of the hearing before the surrogate on the accounting. The additional oral stipulation made on the argument before this court, while it shows that decedent's personal estate amounted to only $118,000 at the time he made his will, does not establish whether his property consisted of securities or other assets, and whether they were of a nature that would make the value thereof constant or variable, nor is there any other proof which would show that Edgar Allan Lynn had knowledge that his personal estate would be insufficient to meet the legacy to Rodriguez.

After the surrogate had determined the issue of construction an application was made by Rodriguez for a reargument and rehearing upon the ground of alleged newly-discovered evidence. In an affidavit submitted on that application, an attorney who drew a former will for Edgar Allan Lynn, offered to show that Edgar Allan Lynn intended to merge the appointive estate with his personal estate in making the former will which contained similar legacies to those found in the present will. The surrogate refused to reopen the hearing upon the ground that the evidence was not newly discovered, and for the further reason that the proof offered to show intent of the testator was incompetent because it consisted of direct statements of intention evidenced by declarations of the donee. We deem that the denial of the motion for a rehearing was warranted, and that the question of construction should be decided on the language of the will, plus the sole fact as to the value of his personal estate.

The problem we are faced with is to determine whether, under the will, it is proper to merge the appointive estate with the testator's personal estate in order to furnish the whole or a part of the fund necessary to care for the provision in Rodriguez's behalf.

The surrogate held that no recourse might be had to the appointive estate in order to carry out the provisions of Edgar Allan Lynn's will creating a fund to Rodriguez. In doing so he followed the general rule of construction that the testator's individual estate not otherwise disposed of constitutes the natural and primary fund for the payment of legacies as well as of debts. This rule is controlling unless the will either in express terms or by necessary implication discloses a different intention on the part of the testator. (*Farmers' Loan & Trust Co.* v. *Kip,* 192 N. Y. 266, 283.)

Finding that there was no sufficient proof of a contrary intention, the surrogate held that no merger was to be spelled out. He pointed out in his opinion (174 Misc. 364) that the will provided that the trust fund for Rodriguez was to be set up " from my estate," and that this was expressive of the intention of the testator that only his personal estate was to be used for that purpose. (See *Low* v. *Bankers Trust Co., supra.*)

The surrogate further stated in his opinion that the property embraced within the power of appointment is to be conceived as passing under the residuary clause of the donee's will when the will is otherwise silent as to the execution of the power. (See *Lockwood* v. *Mildeberger,* 159 N. Y. 181.) It is true that, by virtue of the language of section 18 of the Personal Property Law, the power of appointment is to be deemed to have been exercised where the whole will purports to pass all the property of the testator. It is likewise true, however, that a will such as the present one containing general pecuniary legacies and a residuary clause would not, in the absence of the residuary clause, be effective to execute a power of appointment. There might well be wills which would contain no residuary clause and which would, nevertheless, be effective to execute a power of appointment under the statutes. For instance, a will giving all of one's estate to a named beneficiary, or one giving a fraction or all the testator's property to a named beneficiary and the remaining fraction to another, might do so, for such wills would seem to come within section 18 of the Personal Property Law. Generally, however, it is the residuary clause which completes the disposition of all of the testator's property and, therefore, it is frequently said that the property embraced within the power passes under the residuary clause.

In the present will we have no mention of the execution of the power and no actual intention to execute it is shown. The intention

to dispose of all the property of testator is shown to exist by reason of the residuary clause, and I think, therefore, the surrogate was correct in his statement that the appointive property passed under the provisions of the residuary clause. Clearly the general pecuniary legacies alone would not be sufficient to execute the power of appointment. (Pers. Prop. Law, § 18. See *Slayton* v. *Fitch Home, Inc.*, 293 Mass. 574; 200 N. E. 357.)

Property which passes under a power of appointment is not ordinarily deemed the property of the donee, but of the donor of the power (*Matter of Harbeck*, 161 N. Y. 211), and it is frequently said that such property passes under the will of the donor of the power, the donee of the power being considered merely as agent of the donor. Appointive property, therefore, is not considered part of the estate of the donee unless an intention to bring it into that estate is apparent, or unless by reasonable exercise of the court's equitable power that result may be achieved to avoid intestacy.

It was upon the basis of this rule of construction, to wit, that the appointive estate is not deemed part of the property of the donee of a power that this court held that the appointive estate involved in the case of *Hirsch* v. *Bucki* (162 App. Div. 659) was not subject to the claims of donee's creditors.

Our courts have frequently recognized the rule that the appointive estate is not to be deemed merged in the personal or individual estate in the absence of some provision showing such an intention. In *Matter of Wainwright* (248 App. Div. 336) that rule was pointed out as the general one, but because provisions in portions of the will other than the residuary clause showed an intention to merge the estates, it was there held that persons named as general legatees would be deemed to be the recipients of the appointive estate.

Occasions may arise where to avoid intestacy the courts will apply a rule of construction permitting the payment of a general legacy out of the appointive estate. An example of such a will is found in the case of *Fargo* v. *Squiers* (154 N. Y. 250). In the *Fargo* case (*supra*), however, the testatrix specifically referred to the power of appointment in her will, showing that it was clear in the testatrix's mind that the appointive estate would be included as part of her residuary estate. It was because of this situation that the court in that case said: " The words ' rest and residue ' may apply to the estate of which she had the power of appointment, as well as to her individual estate; and if these specific bequests made by her exceed her individual estate there could be no question but that they would be payable out of the trust estate created by her father." It is plain that the court was speaking of the method of allocation to be

followed where an intention to merge was expressed in the will. We have no such expression of intention in the present case; nor do we find any grounds for implying such an intention.

Where, as here, no intestacy would result in any event and where, therefore, the court is not called upon to exercise its equitable powers other than to construe a writing, it would seem proper to hold that, in view of the provisions in the present will that the fund for Rodriguez was to come " from my estate," the appointive estate is not to be allocated to the payment of this legacy.

The sole purpose of section 18 of the Personal Property Law is to effect the execution of a power of appointment. Its provisions do not require us to alter the rules of construction ordinarily applied in ascertaining intention merely to overcome insufficiency in the owned estate of a testator.

The decree of the surrogate construing the will of Edgar Allan Lynn, and his order denying the motion to vacate the decree should both be affirmed, with costs.

COHN, J., concurs.

Decree modified in accordance with the opinion of MARTIN, P. J., and as so modified affirmed, with costs to the appellant payable out of the estate. Order denying motion to vacate decree and for a new trial on the ground of newly-discovered evidence unanimously affirmed. Settle order on notice.