COUNTY TRUST COMPANY, Plaintiff, v. KENNETH C. QUENCER, as Ancillary Representative of the Estate of EDWARD K. WINS-LOW, Deceased, et al., Defendants.

Supreme Court, Westchester County, October 30, 1944.

*Melber Chambers* for Ethel S. Murray, individually, and others, defendants.

*John R. Bushong* for plaintiff.

*Budd, Bertine & Quencer* for Kenneth C. Quencer and others, defendants.

*Robert J. Trainor* for Ethel S. Murray, as administratrix *c. t. a.* of the estate of Margaret A. Winslow, deceased, defendant.

HINKLEY, J.· The only question included in this motion for summary interlocutory judgment is one of law. The two instruments, the will of Margaret A. Winslow, deceased, and the trust agreement are clear and unambiguous. The sole question is whether the previously executed will which contains no specific exercise of any power of appointment does actually dispose of personal property under the provisions of a subsequent trust agreement which provided that the principal of the trust shall upon the death of both settlors be distributed " to such persons only as the surviving settlor shall by his or her last Will and Testament appoint."

Section 18 of the Personal Property Law is decisive of this question. It provides as· follows: " § 18. *Power to bequeath executed by general provision in will.* Personal property embraced in a power to bequeath, passes by a will or testament purporting to pass all the personal property of the testator; unless the intent, that the will or testament shall not operate as an execution of the power, appears *therein* either expressly or by necessary implication." (Italics supplied.)

The only thing th..t distinguishes this case from the majority is that the will antedates the trust agreement by six years.

The statute does not permit the court to balance equities by seeking to interpret the intention of the testator settlor as evidenced by the subsequent trust agreement. For we do violence to the clear language of the statute if we endeavor to

transplant from some other instrument or affidavit an intention not contained in the will itself. It must ordinarily follow that if the previously executed will does not anticipate the creation of a subsequently created power of appointment that it likewise does not express an intention either expressly or by necessary implication that the will or testament shall not operate as an execution of the power.

The authorities are clear that such intention cannot be inferred from the fact that the will makes no reference to the power of appointment. (*Lockwood* v. *Mildeberger,* 159 N. Y. 181; *Low* v. *Bankers Trust Co.,* 270 N. Y. 143.)

The exact question here presented has apparently not been passed upon by the higher courts. Perhaps some time in the future in what is commonly termed a hard case the higher courts may seek out the intent of the deceased by an interpretation of both will and trust agreement. Until they do we must abide by the language of the statute particularly in this case when no strained construction of clear language is called for.

There is apparently no issue of fact raised in the pleadings herein nor any objection to the final accounting.

Judgment may be entered in accordance with the prayer for relief except that item " Third " therein shall be denied and a finding to the contrary be judicially determined in accordance with this memorandum, or that summary interlocutory judgment be granted as asked for by the moving defendants. Settle judgment on notice.