S. Samuel Di Falco, S.
The record in this proceeding to construe the will establishes abundant ground for the finding that the testator intended the term ‘ ‘ the surviving issue of myself and my wife ” to embrace adopted children, as well as natural children. The decedent’s conversations with his wife and son, both before and after the execution of his will, reveal his approval of the adoption of children when there are no natural children and his feeling that they are an integral part of a family. Direct statements of the testator’s intention are not competent to show that the testator used terms in a broader sense than they usually impart. (Matter of Smith, 254 N. Y. 283, 289; Matter of Lynn, 175 Misc 441, 443, affd. 261 App. Div. 513, 518; Richardson, Evidence [8th ed.], p. 580.) The other extrinsic evidence is sufficient, however, to reveal the testator’s views in respect of the adoption of children and their place in the family. Such evidence justifies the finding that adopted children come within the term “ issue ” as used by this testator. (Matter of Ward, 9 A D 2d 950 [14], affd. 9 N Y 2d 722; Matter of Upjohn, 304 N. Y. 366.) There is here no question of a fraudulent substitution of beneficiaries. All of the adult members of the family are in accord in so implying the testator’s intent, and all of the members of the family appear to reflect toward the adopted children the same feeling which the evidence ascribes to the testator.