In the Matter of the Estate of MARY LATIMER, Deceased. YOUNG WOMEN'S CHRISTIAN ASSOCIATION OF BROOKLYN, Appellant; MANUFACTURERS TRUST COMPANY, as Successor Trustee under the Will of MARY LATIMER, Deceased, et al., Respondents.

Second Department, July 1, 1963.

*Christy, Perkins & Christy* (*Francis T. Christy* and *Gideon Cashman* of counsel), for appellant.

*Raymond A. McCourt* for Florence Skillen, respondent.

*Humes, Smith & Andrews* (*George W. Saam* of counsel), for Helen M. Stevenson, respondent.

CHRIST, J. By paragraph "Eighth" of the will of Mary Latimer, deceased, the testatrix created a trust for the lifetime of Mary Farrell; and in the same paragraph the latter was given a power of appointment to dispose of the principal of the trust by her own will.

The questions presented on this appeal are whether Mary Farrell exercised the power and, if she did, whether her appointment was to the respondents Florence Skillen and Helen McG. Stevenson or to the appellant Young Women's Christian Association of Brooklyn (hereafter referred to as Y W C A). The court below referred the matter to a Referee who, after a hearing, rendered his report, in which he found that the power had been exercised in the Farrell will, and in which he recommended an adjudication in favor of the respondents Skillen and Stevenson. The decree under review confirmed the Referee's recommendation and directed that the net principal and interest of the trust be distributed equally between the said two respondents.

Under the terms of the said trust, the trustee was required to pay the net income upon $25,000 to Mary Farrell during her lifetime and, upon her death, to pay over the principal, as then constituted, '' to such person or persons [and] in such shares and proportions as the said Mary Farrell shall by her last will and testament appoint, or in default of the exercise of such power of appointment to transfer and pay over said principal to the Young Women's Christian Association of Brooklyn.''

Miss Latimer died in 1942 and her will was probated in the same year. As found by the Referee, Mary Farrell made her will about 17 years later, shortly before her death in 1959, when she was '' a very elderly lady ''; and she made it without the aid of a lawyer, simply by dictating it to her friend, the respondent Stevenson, who wrote it by hand.

The Farrell will commences with a direction that all the testatrix' '' affairs '' are '' to be carried out by '' her friends, Mrs. Skillen and Mrs. Stevenson. Then follows the sentence '' What *money* I have shall be given as gifts to the persons in the list below '' (emphasis supplied). Immediately following such direction is a numbered list of 10 named legatees, the first 9 of which are individuals. Next to the name of each such person an amount of money, variously $1,000, $2,000 and $3,000, is set forth. The tenth named legatee is Young Women's Christian Association National Board Retirement [*sic*] Fund (not to be confused with the appellant Y W C A), the gift to which is not of money, but of certain corporate stock. A further direction is as follows: '' What is left *thereof* [is] to be divided evenly between '' Mrs. Skillen and Mrs. Stevenson (emphasis supplied). The testatrix then expressed her '' wish '' that there be '' no publicity '' of her death. Other matter not here relevant follows.

This handwritten script then returns to the subject of disposition of the testatrix' property, by a provision that Mrs. Stevenson should distribute the testatrix' '' personal belongings as she

wishes.'' Following immediately after this provision is a list of four items. The first item is a life insurance company; the third is a trust company, and here there is added the words '' Adeline Owen Estate ''; and the fourth is another trust company, followed by the words '' only bank '' in parentheses. The second item is pertinent; it reads as follows: '' Mary Latimer Trust Fund — Brooklyn 3rd Ave. Brooklyn N. Y. ($25,000 to Young Women's Christian Association) left in care of Brooklyn Trust Co. 177 Montague St.— now Manufacturer's Trust Co.— 65 Flatbush Ave. Brooklyn N. Y.'' Here follows the testatrix' signature, below which are set forth: (1) another individual's name and address, with the figure '' $1,000 '' alongside it; and (2) the statement that '' all expenses [are] to be paid first.'' Although the usual attestation clause is omitted, the names of three witnesses who signed the document appear at the end.

Since the Farrell will does not expressly refer to the power of appointment, section 18 of the Personal Property Law governs. That section reads as follows: '' § 18. Power to bequeath executed by general provision in will. Personal property embraced in a power to bequeath, passes by a will or testament purporting to pass all the personal property of the testator; unless the intent, that the will or testament shall not operate as an execution of the power, appears therein either expressly or by necessary implication.'' As to real property, the counterpart of this statute is section 176 of the Real Property Law.

The statute (Personal Property Law, § 18) has changed the common-law rule to the effect that the question, whether a power of appointment has been exercised, is one of intention. Under the statute, '' a will which bequeaths all the testator's personal property * * * constitutes an exercise of a power of appointment unless a contrary intent appears ' therein ' (that is, in the *will*) either expressly or by necessary implication '' ; '' such a ' Necessary implication results only where the will permits of no other interpretation ' '' ; if such a will contains '' neither an expression of intent not to exercise the power nor anything else raising a necessary implication of such an intent '' it should be held that the power was exercised; and the statute creates a presumption that the power was exercised, which presumption '' may be rebutted only by express language or the necessary implication of the express language of the will itself '' (*Matter of Deane,* 4 N Y 2d 326, 330, 332 [matter in parenthesis, including emphasis, in original]; *Lockwood* v. *Mildeberger,* 159 N. Y. 181; *Low* v. *Bankers Trust Co.,* 270 N. Y. 143).

A " residuary clause of a will carries with it all property embraced in a power to appoint when not specifically or *validly* disposed of by prior provisions of the will unless a *clear contrary intention is shown* " (*Matter of Bauer*, 13 A D 2d 369, 373 [emphasis in original]). " The statute does not permit the court to balance equities by seeking to interpret the intention of the testator settlor as evidenced by " any instrument extraneous to the will (*County Trust Co.* v. *Quencer*, 183 Misc. 922, 923, affd. 269 App. Div. 861, affd. 296 N. Y. 559).

*Chase Nat. Bank* v. *Chicago Title & Trust Co.* (246 App. Div. 201, affd. 271 N. Y. 602, motion for reargument denied 271 N. Y. 659); *Matter of Lynn* (261 App. Div. 513, affd. 287 N. Y. 627); and *Matter of Spitzmuller* (279 App. Div. 233) are not to the contrary. They are readily distinguishable on the facts; and the latter two cases expressly confirmed the above principles as set forth in the *Lockwood* case (*supra*). In all those cases, the wills of the respective donees of a power of appointment purported to pass all their personal property and did not mention the power of appointment. Insofar as the *Chase Bank* and *Spitzmuller* cases (*supra*) are concerned, it is true that, despite this, it was nevertheless held that the property embraced in the power did not pass under the wills. However, in *Chase Bank* it was affirmatively established that the donee of the power, at the time of making her will, " had in mind the power in trust, but felt that she had relinquished her right to execute it " (246 App. Div. 201, 205); and in *Spitzmuller* (*supra*) the question was decided on the basis of the law of Italy, rather than section 18, because the will had been executed in Italy and the testator, at the time of its execution, was a resident of that country. On the other hand, in *Lynn* (*supra*) there was no question that the property embraced within the power passed under the will, and the holding so presupposed. The dispute was whether the property had been appointed entirely to the residuary legatees and not to other legatees to any extent. It was held that, under the particular facts of that case, the will of the donee of the power should be construed so as to give the subject property to the testator's " preferred and general legatees * * * to the extent to which his own property was insufficient to carry out the expressed intention of his will " (261 App. Div. 513, 518).

The learned Referee in the instant case was of the opinion that the provision in the Farrell will giving " What is left thereof " to Mrs. Skillen and Mrs. Stevenson was a bequest of the residuary estate to those respondents. He was also of the opinion that the item in the will which referred to the Latimer trust fund and to the Y W C A was not intended as an appoint-

ment of the principal of the fund to the Y W C A. It was his view that the testatrix' intention was to identify certain assets in which she had an interest; that this trust fund was one of the four asset sources she wanted thus to identify; and that that was the only reason for mentioning the particular item in the will. On the basis of these views, the Referee necessarily applied section 18 and made his recommendations in favor of these two respondents, Skillen and Stevenson.

We are in accord with the Referee's views. The wording and style of the Farrell will were not those of one skilled in the drafting of wills and therefore, in order to determine the testatrix' intention, " should be interpreted from a layman's point of view " (*Matter of Reese*, 275 App. Div. 37, 41; see, also, *Overheiser* v. *Lackey*, 207 N. Y. 229, 233), and with greater liberality than a will drafted by a lawyer (95 C. J. S., Wills, § 598; 57 Am. Jur., Wills, § 1150).

In our opinion, the testatrix, in using the words: " What is left thereof ", was not referring to a limited type of assets, but to all her assets. At the start of the dispository provisions she addressed herself to " money " which " shall be given as gifts." However, despite such captioned characterization of the next 10 numbered items, the tenth item was not a gift of money; it was a gift of corporate stock.

Thus, in setting forth the tenth item, the testatrix had left the area of money. Consequently, at that point, when she went on to provide " What is left thereof," we believe she was referring to her assets in general. This view is buttressed by the fact that, following such remainder bequest to the respondents Skillen and Stevenson, the testatrix departed from the subject of the disposition of assets by addressing herself to the subjects of publicity concerning her death, cremation, and by the characterization of her will as " confidential." We believe that the testatrix, in thus departing from the subject of dispository provisions, thought she had exhausted that subject by disposing completely of all her assets (although she later returned to that subject, apparently by way of afterthought).

In our opinion, the foregoing compels the conclusion that the will bequeathed the testatrix' residuary estate to the respondents Skillen and Stevenson.

Clearly, the will contains no words of gift with respect to the first, third and fourth unnumbered items listed as sources of assets. Likewise, the testatrix employed no words of gift with respect to the second unnumbered item (that of the trust in question) unless the word " to " should be construed as intending a gift. We do not believe that such was the testatrix' inten-

tion. The particular matter which includes the word " to " was in fact circumscribed as merely parenthetical. This circumstance, in our opinion, strongly indicates an intention to give only subordinate significance to this reference to the Y W C A — less significance than would be necessary to justify or suggest a gift or appointment of the principal of a fund of $25,000 — particularly by comparison with the form of expression used with respect to all other bequests in the will. Specifically, concerning the word " to ", we believe it was no more than a way of making reference to the fact that a contingency existed in which the trust principal might go to the Y W C A. We see no reason for believing that the testatrix had a different purpose in listing this fund than in listing the other itemized sources of assets, and we agree with the Referee that such purpose was solely to identify the assets in which the testatrix had an interest. For these reasons we conclude that the reference to the fund and to the Y W C A should not be deemed to constitute an exercise of the power of appointment in favor of the Y W C A.

Since the Farrell will bequeathed all her property, and since it contained no express provision exercising the power of appointment but gave the residuary estate to the respondents Skillen and Stevenson, it was proper to hold that, in view of the statute (Personal Property Law, § 18) and the above-mentioned authorities, the power of appointment was exercised in favor of the said respondents.

Accordingly, the decree, insofar as appealed from, should be affirmed, without costs.

UGHETTA, Acting P. J., BRENNAN, HILL and HOPKINS, JJ., concur.

Decree, insofar as appealed from, affirmed, without costs.