JOHN E. LOCKWOOD, as Substituted Trustee under the Will of CATHARINE LOWERRE, Deceased, Respondent, *v.* ELWOOD MILDEBERGER, in his Own Right, Appellant, Impleaded with CAROLINE A. SUYDAM et al., Respondents. ·

1. WILL.—EXECUTION OF POWER OF APPOINTMENT. By force of the statute (1 R. S. 737, § 126; L. 1896, chap. 547, § 156), when a will purports to dispose of all the testator's property, it operates as an execution of a power of appointment, unless the intent that it shall not so operate appears expressly or by necessary implication; and this rule applies to personal estate, as well as to a power as to real estate.

2. NECESSARY IMPLICATION. Necessary implication results only where the will permits of no other interpretation; and, therefore, the intent not to execute the power of appointment must not be implied, unless it so clearly appears that it is not to be avoided.

3. ABSENCE OF REFERENCE TO POWER OF APPOINTMENT. When a will disposes of all the testator's own property, an intent not to execute a power of appointment conferred by will is not to be inferred from the fact that it makes no reference to the primary will or to the power of appointment therein conferred.

4. EXERCISE OF POWER OF APPOINTMENT EFFECTED BY STATUTE. When a will purports to dispose of all the testator's own property, an intent to dispose of the testator's interest in another's estate by appointment need not appear in order to give the will that effect, as, in the absence of an expression or a necessary implication to the contrary, the power of appointment is presumed, by force of the statute, to be exercised in the same direction as the disposition of the testator's own property.

5. ABSENCE OF KNOWLEDGE OF POWER OF APPOINTMENT. When, in a will purporting to dispose of all the testator's property, there is nothing to show that the testator knew of a power of appointment which had been conferred upon him, an intent not to execute the power is not implied by the fact that the language of the will is the same as it would have been had there been no power of appointment.

*Lockwood* v. *Mildeberger*, 5 App. Div. 459, reversed.

(Submitted May 5, 1899; decided May 12, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 21, 1896, affirming a judgment entered upon a decision of the court on trial at Special Term.

This action was brought by the plaintiff to obtain a judgment for the final settlement of his accounts as trustee under the last will and testament of Catharine Lowerre, deceased, and for the distribution of one-sixth part of said Catharine Lowerre's estate, held in trust for Adelaide L. Mildeberger, now deceased, who was the granddaughter of Mrs. Lowerre and the wife of the appellant, Elwood Mildeberger.

The facts, so far as material, are stated in the opinion.

*Theodore H. Silkman* for appellant. Under the common law an intention to execute a power of appointment must be gathered from the language of the will, and was not presumed. The Revised Statutes reversed the rule, and an intention to

execute the power is now presumed. (2 R. S. ch. 1, § 73; *Hutton* v. *Benkard*, 92 N. Y. 295; *Cutting* v. *Cutting*, 86 N. Y. 522; *Bolton* v. *De Peyster*, 25 Barb. 539; 1 Sugd. on Powers, 414, § 23; 4 Kent's Comm. 335; *Matter of Piffard*, 42 Hun, 34; *Matter of Watson*, 34 N. Y. S. R. 906; *Kibler* v. *Miller*, 57 Hun, 14; *N. Y. L. Ins. & T. Co.* v. *Livingston*, 133 N. Y. 125; *Thomas* v. *Snyder*, 43 Hun, 14; *Mott* v. *Ackerman*, 92 N. Y. 539.) There is no distinction to be made between general and special powers. (*Bolton* v. *De Peyster*, 25 Barb. 541.) The appellant, as residuary legatee under his wife's will, takes, not by virtue of the language of the will, but because it disposes of all of her own property. (*Griswold* v. *Sawyer*, 125 N. Y. 411.)

*Wm. R. Woodin* for respondents Annie R. Lowerre et al. While it is not necessary, in order to effectuate an exercise of a power of appointment, that the disposition of the property which is the subject of the power shall be made expressly by virtue of the power, it is necessary in order to effectuate such disposition that it shall clearly appear that it was the intention of the donee of the power to execute the same. (*White* v. *Hicks*, 33 N. Y. 383; *Blagge* v. *Miller*, 1 Story, 426; *Hutton* v. *Benkard*, 92 N. Y. 295.) The power of appointment vested in Adelaide L. Mildeberger in respect to one-half of the trust estate in question was not executed by her in and by her last will and testament. (1 R. S. 737, § 126; *Hutton* v. *Benkard*, 92 N. Y. 295; *Cutting* v. *Cutting*, 86 N. Y. 522; *N. Y. L. Ins. & T. Co.* v. *Livingston*, 133 N. Y. 125; *White* v. *Hicks*, 33 N. Y. 383; *Hogle* v. *Hogle*, 49 Hun, 313; *Stewart* v. *Keating*, 15 Misc. Rep. 44; *Bennett* v. *Aburrow*, 8 Ves. 609.)

*A. J. Wise* for respondent Caroline A. Suydam. The will in question, in connection with other facts, shows that the donee did not intend to execute the power. (*Nostrand* v. *Moore*, 52 N. Y. 12.) The will intended to operate solely on the property owned by the testatrix and not that covered by

the power. (*M. L. Ins. Co.* v. *Shipman*, 119 N. Y. 324.)
The residuary clause was intended to operate on interests.
other than those covered by the power. (*M. L. Ins. Co.* .v.
*Shipman*, 119 N. Y. 324.) There is a distinction between a.
general power to appoint and a power limited to a particular
person, class or object. (*White* v. *Hicks*, 33 N. Y. 383; Stat.
1 Vict. 26, § 27; Hawkins on Wills, 27; 1 Jarman on Wills,.
676; 1 Bradf. 114; Schouler on Wills, 557.)

PARKER, Ch. J.   Whether the will of Adelaide L. Milde-
berger operated to execute the power of appointment conferred.
upon her by the will of her grandmother, Catharine Lowerre,
is the question presented.   It is brought to the attention of
the court by the substituted trustee under the last will and
testament of said Catharine Lowerre, deceased, who, finding
that the husband of Adelaide L. Mildeberger claimed that the
power of appointment had been executed in his behalf by the
will of his wife, and that the party entitled to take in the.
absence of the execution of the power was equally positive
that it had not been executed, brought this action, by which
it is sought to obtain a final judicial settlement of his accounts,
and, as an incident thereto, a determination of the question
that occasions the controversy.

Mrs. Lowerre died in 1875, leaving a will by which she
bequeathed one-sixth of her residuary estate to her executors.
in trust to apply the income to the use, maintenance and edu-
cation of her granddaughter Adelaide L. Lockwood and
upon her death the said one-sixth was bequeathed to the living
issue of said granddaughter then surviving, and in default of
such issue, to the then surviving children of the testatrix and
the lawful issue, if then surviving, of such children who had
previously thereto died.   The will also contained the follow-
ing provision :   (16th) " It is my further will that in case any
one or more of my said children, or my said granddaughter
Adelaide L. Lockwood, shall die without leaving lawful issue
surviving at his or her decease, every child and said grand-
child so dying shall be, and hereby is, authorized and
empowered to dispose of one equal half of the said sixth part

of my estate herein above devised to, or in trust for, such child or said granddaughter so dying, to the surviving wife or husband of such child or said grandchild, if any there shall be, by a last will and testament, or by any other instrument in writing, under his or her hand and seal, executed in the presence of two or more credible witnesses."

At the time of the death of her grandmother, Adelaide was about fifteen years of age. Nearly sixteen years later, and on the 10th day of June, 1891, she married the defendant Elwood Mildeberger, and on that day executed a will, by the terms of which she, after giving certain general and specific bequests, devised to her husband the premises owned by her situated on 14th street, New York, and then gave the residue and remainder of her estate, real and personal, "to any child or children that may be born to me, in equal shares, such shares to be paid to them upon their attaining twenty-one years of age. * * * In case, however, I die without issue me surviving, then I give all said rest, residue and remainder of my estate to my husband, Elwood Mildeberger."

Both the Special Term and the Appellate Division were of the opinion that by this residuary clause in her will Mrs. Mildeberger did not execute the power of appointment vested in her by the will of her grandmother, but it seems to us that, in view of the state of the law upon that subject, it must be held that the residuary clause operated as a valid and effective execution of the power. It was the rule of the common law that whether a particular disposition should be treated as an execution of a power was a question of intention, and that the several provisions of a will should be carefully considered for the purpose of ascertaining whether the party really meant to execute the power or not. (4 Kent's Com. 335; *White* v. *Hicks*, 33 N. Y. 393.) The common-law rule, however, has been changed by legislative enactment. By section 126 of the Statute of Powers, now section 156 of the Real Property Law (L. 1896, ch. 547), it is provided that "lands embraced in a power to devise, shall pass by a will purporting to convey all the real property of the testator, unless the intent that the

24

will shall not operate as an execution of the power, shall appear, expressly or by necessary implication." (1 R. S. 737.)

It was held by this court in *Hutton* v. *Benkard* (92 N. Y. 295) that the rule laid down in section 126 (*supra*), touching the execution by will of a power as to real estate, should be applied to personal estate also, and it follows, therefore, that it is the law of this state that by the residuary clause, by which Mrs. Mildeberger gave to her husband all the rest, residue and remainder of her estate, she executed the power of appointment given to her by her grandmother's will, unless it appears expressly, or by necessary implication from the language of the will, that it was not her intent that the will should operate as an execution of the power. It is not pretended that she expressed an intent that the residuary clause should not operate as an execution of the power, nor do we think that it appears by necessary implication. Such an intent is not to be implied from the fact that no reference was made to her grandmother's will, or to the power of appointment therein conferred upon her, for the disposition of all her own property operated under the will as an exercise of such power of appointment. The omission of all reference to it, therefore, does not imply an intent not to execute the power. The basis for a necessary implication that it was not her intent to execute the power must, therefore, be found in some other provision than that which under the will operates as an execution of the power. In examining the will in the light of the grandmother's will, and the circumstances surrounding Mrs. Mildeberger at the time of the execution of her will, it will not suffice to indulge in assumptions, for the law requires that the intent not to execute the power must appear either expressly or by necessary implication. Necessary implication results only where the will permits of no other interpretation. Necessary is defined to mean : " Such as must be ; " " Impossible to be otherwise ; " " Not to be avoided ; " " Inevitable." The intent not to execute the power, therefore, must not be implied unless it so clearly appears that it is not to be avoided.

It is urged that the intent not to exercise the power of appointment is necessarily implied from the fact that by the fourth clause of her will she gave "all the rest, residue and remainder of my estate, real and personal," to "any child or children that may be born to me, in equal shares, such shares to be paid to them on their attaining twenty-one years of age," and then provides: "In case, however, I die without issue me surviving, then I give all the said rest, residue and remainder of my estate to my husband, Elwood Mildeberger." It is argued that the "rest, residue and remainder" given to her husband was the "said rest, residue and remainder" that she had given to her children, if she left any, and which her husband was to take in default of children; and, as under the will of her grandmother, the power to appoint was given Adelaide only in case she died without issue (the issue, if any, taking under the grandmother's will), the said rest, residue and remainder given by Adelaide to her husband could not include the property over which she had the power of appointment.

The fault of this argument lies in the assumption that it should necessarily appear that Mrs. Mildeberger was attempting to dispose of her interest in her grandmother's estate by appointment. On the contrary, it need not so appear in order to effectuate such a result, and it does not in fact appear. The will attempts to dispose of Mrs. Mildeberger's own property, and all of it and nothing more, but the law steps in and declares that the attempt to dispose of all her own property operated as an execution of the power of appointment. The will purports to convey all the real and personal property of Mrs. Mildeberger, and by force of the statute the power of appointment is presumed to be exercised in the same direction. If there was something in the will to show that Mrs. Mildeberger had, at the time of its execution, knowledge of the provisions of her grandmother's will, and had them in contemplation in making her testamentary provisions, then it might be urged that the implication was necessary that she did not intend to execute the power of appointment; but

there is nothing in the will to suggest any such knowledge on her part, or that she had in mind any thought of the power of appointment, for she made the will in precisely the lan-. guage she would have used had her grandmother's will contained no power of appointment. In such a situation, it is neither reasonable nor necessary to imply from the language used an intention not to execute the power. It was not necessary, as we have seen, that she should have had an intent to execute it, for the statute steps in and sends the property, subject to the power, in the same direction as that in which the testatrix has sent her own property.

The judgment should be reversed and a new trial granted, with costs to abide event.

All concur.

Judgment reversed, etc.