(76 Misc. Rep. 416.)

### In re MAYO'S WILL.

(Surrogate's Court, New York County.    April, 1912.)

1. WILLS (§ 692*)—POWER OF APPOINTMENT.

Where a will gave a legacy, in the event of the legatee's death before that of testatrix, to such persons as the legatee might have appointed by will, and in default of such appointment then to her next of kin, and

the legatee died before the testatrix, the will not having taken effect, the legatee never received a power of appointment thereunder, and her will could not operate as an execution of such power.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1654; Dec. Dig. § 692.*]

2. WILLS (§ 775*)—RIGHTS OF LEGATEE—LAPSE OF LEGACY.

Where a will gave a legacy, in the event of the death of the legatee before the testatrix, to such persons as the legatee might have appointed by will, and in default of such appointment then to her next of kin, and the legatee died before testatrix, the gift lapsed as to the legatee, but passed to her next of kin as substituted legatees.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1997–2000; Dec. Dig. § 775.*]

Judicial settlement of the accounts of the executors and trustees under the last will of Mary Nevins Mayo. Decree entered.

Weed, Henry & Meyers, for executors.
Elijah W. Holt, for next of kin of Grace E. Bird.
Morey, Bosley & Morey, for Elizabeth B. Williams.
Warren Leslie, special guardian.

FOWLER, S. This matter comes before the surrogate on an accounting and distribution, and it is necessary for this purpose to determine the rights of the parties under the third clause of the will of Mary Nevins Mayo, and the facts established on the hearing and mentioned hereafter.

The third clause of the will of Mary Nevins Mayo is as follows:

"Third. I give and bequeath to Grace E. Bird of Buffalo, New York, daughter of the late William A. Bird, the sum of six thousand six hundred dollars and fifty-four cents. In case of her death before my death then I give the same to such person or persons as she may have appointed by will to receive the same, and in default of such appointment, then to her next of kin."

Grace E. Bird, mentioned in the said clause, died testate September 21, 1909, before Mary Nevins Mayo. The last will and testament of Grace E. Bird was probated in the court of the surrogate for Erie county on September 28, 1909. It consists of a will bearing date September 26, 1904, and a codicil thereto bearing date December 12, 1908. Mary Nevins Mayo died on the 28th day of August, 1910, and her will was decreed probate on the 16th day of November, 1910.

The intended gift of $6,600.54 to Grace E. Bird is out of the case, for Miss Bird died before Mary Nevins Mayo, and as to her the legacy lapsed or went as otherwise provided. But the testatrix, Mary Nevins Mayo, seems to have contemplated the death of Miss Bird before that of testatrix, and in that event such testatrix provided for two things, the prior testamentary execution by Miss Bird of a power of appointment, and, in default of such appointment, Mary Nevins Mayo made an express gift of the $6,600.54 to the next of kin of Grace E. Bird. This designation, "next of kin of Grace E. Bird," contained in the sixth clause of Mary Nevins Mayo's will, is sufficiently designatio personarum to carry the legacy to the next of kin of Grace E. Bird, in case the legacy fail to vest and power of appointment fall.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] The primary question now before me is: Was Grace E. Bird a donee or grantee of a power of appointment under the will of Mary Nevins Mayo? And, if so, the secondary question is whether the will of Grace E. Bird made and taking effect before the death of Mary Nevins Mayo, the grantor of the power, is to be construed as an execution of such a power of appointment by the donee of the power, Grace E. Bird. If the first question is answered in the negative, we need not proceed to the consideration of the second question submitted to the surrogate.

I cannot believe that there is any doubt on this case. It seems to me that the doubt arises because the gift to Miss Bird was a gift of that mysterious thing called in law a "power." The history of powers in the jurisprudence of the common law is a very long and special one. Powers historically belong to the law of real property. But all ownership or dominion over property at the present day is admitted to consist, according to the jurisprudence of the common law, of a congeries of powers vested in the owner, and such owner sub modo may separate these powers, reserve some, and delegate or confer others on donees, or to employ the nomenclature of our present statute on powers, on "grantees" of a power. Real Property Law (Consol. Laws 1909, c. 50) § 132. As this case now before me is said to be destitute of express authority, it must be decided on principle, and an elementary review of powers is therefore not without significance. The grantee of the power in this case died before the testamentary grant of the power took place. When a power is created by a will, until the death of the testator the power is merely one in posse or contemplation, for, as a will is ambulatory until the death of the testator, the power contemplated in such will has no existence and never may have, as it may be revoked at pleasure. In so far as the donee is concerned, such a gift of a power is in the position of any other spes successionis. The power may or may not ever come to realization. Powers connected with personal property are now for all practical purposes coextensive with powers in the law of real property of this state, and they are governed by the same rules. Cutting v. Cutting, 86 N. Y. 522; Hutton v. Benkard, 92 N. Y. 295; New York Life Ins. & Trust Co. v. Livingston, 133 N. Y. 125, 30 N. E. 724; Mills v. Husson, 140 N. Y. 99, 105, 35 N. E. 422; Cochrane v. Schell, 140 N. Y. 516, 534, 35 N. E. 971; Fargo v. Squiers, 154 N. Y. 250, 259, 48 N. E. 509; Matter of Moehring, 154 N. Y. 423, 48 N. E. 818; Lockwood v. Mildeberger, 159 N. Y. 181, 53 N. E. 803; Matter of Wilkin, 183 N. Y. 104, 109, 75 N. E. 1105; Matter of Kellogg, 187 N. Y. 355, 359, 80 N. E. 207, 13 L. R. A. (N. S.) 288. If all technical powers are conferred on a donee, he takes the fee simple in respect of real property, and the absolute dominion if the power concerns personalty. If the "powers" are separated, the interest of the donee may be less than a fee; or it may, if not beneficial, be a merely delegated authority in the nature of a trust, for curiously enough this dichotomy of our law is extended to powers. When a power is in esse it may be property of a very high order, and a beneficial power is property, or a very tangible res.

With this brief and very inconclusive reference to the general na-

ture of technical powers, we are prepared to consider the nature of the thing given by the principal will to Miss Bird had she been alive. If anything is given to Miss Bird, it is a power, and although our statute concerning powers did not formerly recognize the existence of powers of appointment (Real Property Law, §§ 133, 134, 135, 136), it is a power of appointment. General Laws of 1896, c. 46, § 31, now Real Property Law, § 41; Matter of Piffard, 111 N. Y. 410, 18 N. E. 718, 2 L. R. A. 193; Fargo v. Squiers, 154 N. Y. 250, 48 N. E. 509; Lockwood v. Mildeberger, 159 N. Y. 181, 53 N. E. 803. As a term of description, "powers of appointment" continued in use after the abolition of all common-law powers by the Revised Statutes, and they now have again an official recognition, although the classification is inconsistent with the Revised Statutes. But this is a mere matter of names.

Under the present statute regulating powers in their creation (Real Property Law, § 130), a power may be granted by any owner having jus disponendi, but it may be vested in those only who are capable in law of holding property (Real Property Law, §§ 139, 141). These provisions, as shown by authority, apply equally mutatis mutandis to donees of a power over personal properties, now by analogy termed "personal estates." Let us inquire then who may at this day in this state take a power, whether it be a power of appointment or any other recognized power. The statute on powers determines it. Section 141 (Real Property Law) provides that a power may be vested in any person capable in law of holding property. Now at the time this power was granted, Grace E. Bird was dead. She could not hold property. It seems to me that this ends the discussion. Grace E. Bird never had a power of appointment, any more than the legacy of $6,600.54 in specie, which as stated had lapsed as to her.

If Grace E. Bird never took a power of appointment by the will of Mary Nevins Mayo, the will of Grace E. Bird could not have operated as a testamentary execution of such power in any event, and I so hold. In order that a will may operate as a testamentary execution of a power, the testator must have capacity to be the grantee of a power and be vested with the power. This a dead person cannot be.

[2] Throwing aside some very subtle questions which might have arisen under Mary Nevins Mayo's will by reason of the cross-reference contained therein, had the gift to the next of kin of Grace E. Bird of the fund affected by the power not been in the alternative, it is apparent to me, by the sixth clause of the will of Mary Nevins Mayo and the facts proved before me, that the next of kin of Grace E. Bird are as substituted legatees entitled to the fund of $6,600.54, and the decree may so provide. Who are such next of kin appears in the agreement inter se, dated January 19, 1912, and given in evidence or filed in the cause.

The parties hereto may have leave to apply on notice to those concerned for any further and suitable directions deemed necessary or expedient.

Decreed accordingly.