In the Matter of the Judicial Settlement of the Accounts of THOMAS KERLEY, as Executor of the Last Will and Testament of SARAH E. GUILTINAN, Deceased.

Surrogate's Court, Saratoga County, February, 1924.

Wills — construction — husband, in lieu of dower or other rights, devised and bequeathed entire estate to wife in trust — when wife deemed not to have taken absolute fee — when language of will deemed sufficient to carry testator's fee to children — when designation in will by wife deemed invalid.

A husband, in lieu of dower or any other rights his wife might have as widow, devised and bequeathed his entire estate to her in trust: " To receive, safely keep, invest and reinvest the principal, and apply the interest and income arising from the same to her sole support and maintenance for and during her natural life, and after the death of my said wife, all of my said property, shall go and belong to such of my children and in such manner and proportion as my said wife shall designate and appoint by her last will and testament, and in default of such designation and appointment, then the same shall go and belong to all of my children (or their descendants, if any of my children at such time be dead and leaving descendants) share and share alike. And I do hereby give to my said wife, in her lifetime the power to convert any and all my real estate into personal property and any and all my personal property into real estate if in her judgment it is wise and best so to do." *Held*, that the wife did not take an absolute fee in the estate of her husband and that in the absence of an explicit designation by her of the remainder of his estate, the language of his will was sufficient to carry the fee to his children. The wife by a will making no reference to any power contained in the will of her husband and not in terms ' assuming to dispose of his property gave all the rest, residue and remainder of her estate to her executor and trustee hereinafter named, in trust nevertheless to divide the same in as many equal parts as shall be the number of her children who survive her, and who die before her leaving issue her surviving, with direction " to set apart and hold one of said parts in trust for each of said children and the heirs of any deceased child." *Held*, that the attempted designation of bene-ficiaries by said will was invalid, and that the settlement of her estate depended upon the construction given to said provision of her husband's will and of her will.

PROCEEDINGS to settle accounts of executor and to construe a will.

*Morgan E. Welsh*, for accountant.

*William Rooney*, special guardian for the infants.

OSTRANDER, S.   Michael Guiltinan died March 9, 1907, leaving his widow, Sarah E. Guiltinan, and his son, James M. Guiltinan,

and six daughters, Mary Frances Quinn, Sarah Elizabeth Walsh, Jennie L. Jones, Helen B. Tracey, Evelyn N. Guiltinan (now Phillips) and Anna Sophia Guiltinan (now Furlong).

Michael Guiltinan left a last will and testament, which was proved April 2, 1907, in and by which his wife, Sarah E. Guiltinan, was appointed executrix and which will provided substantially as follows:

*First.* Directs payment of debts.

" *Secondly.* I leave, bequeath and devise unto my beloved wife, Sarah E. Guiltinan, all my property, real and personal and of every name and nature whatsoever to have and to hold the same, in trust for the following purposes: To receive, safely keep, invest and reinvest the principal, and apply the interest and income arising from the same to her sole support and maintenance for and during her natural life, and after the death of my said wife, all of my said property, shall go and belong to such of my children and in such manner and proportion as my said wife shall designate and appoint by her last will and testament, and in default of such designation and appointment, then the same shall go and belong to all of my children (or their descendants, if any of my children at such time be dead and leaving descendants) share and share alike. And I do hereby give to my said wife, in her lifetime the power to convert any and all my real estate into personal property and any and all my personal property into real estate if in her judgment it is wise and best so to do.

" And all provisions in this my will in favor of my said wife are made and must be accepted by her in lieu of any dower or other right she might have in my estate as my widow."

Appoints his wife sole executrix.

On September 9, 1909, a decree settling his estate was entered in and by which the executrix was charged with inventory and increase, $52,328.93, and credited with various expenditures, $12,646.89 (which total includes payments to Sarah E. Guiltinan, widow, of $2,452.76), leaving $39,682.13, less her commissions, $713.29, leaving $38,968.84 which she was adjudged to hold " as life tenant under the will of Michael Guiltinan."

Sarah E. Guiltinan died June 10, 1918, leaving a last will and testament by which she gave $200 in trust for care of cemetery lot; to daughter Evelyn $2,000, gold watch and diamond earrings; to daughter Anna, $2,000, a piano and a diamond brooch; to daughters Evelyn and Anna all her household furniture, wearing apparel and remaining jewelry and personal ornaments, share and share alike.

All the rest, residue and remainder of her estate to her executor

and trustee hereinafter named, in trust nevertheless to divide the same in as many equal parts as shall be the number of her children who survive her, and who die before her leaving issue her surviving, and " to set apart and hold one of said parts in trust for each of said children and the heirs of any deceased child."

The settlement of Mrs. Guiltinan's estate depends upon the construction to be given to the foregoing provisions of Michael's will and of her will.

Did Mrs. Guiltinan take an absolute fee in her husband's estate under his will?

It will be noted that the bequest to her was in trust for various purposes. She had no absolute devise or bequest of the property, nor any absolute unlimited power of designation of any beneficiary. The designation was limited to certain persons, although in a manner and proportions to be prescribed by her.

In some respects the situation follows that of *Candler* v. *Candler* (sometimes cited as *Matter of Welsh*), 2 Dem. 124.

It will be further noted that in default of such designation and appointment, the property shall go and belong to certain children and descendants.

From the foregoing it is apparent that there was no intention of Michael Guiltinan to give to his wife a full and absolute fee or power of designation in the property.

It is argued that the disposition made by Mrs. Guiltinan's will of various properties to her children was a substantial compliance with the power contained in Michael's will to dispose of the remainder of his property after satisfaction of the calls for the benefit of herself during her lifetime. But while no reference is made in her will to any power contained in her husband's will, and instead of having any fee in his estate she had only power in trust, and her own will does not in terms assume to dispose of Michael's property, but in terms disposed of " all the rest, residue and remainder of *my estate*," this language might be sufficient, under the authority of section 18 of the Personal Property Law, as construed in *Lockwood* v. *Mildeberger*, 159 N. Y. 181, to uphold the disposition of Michael's property under the power of appointment contained in his will, but she was not authorized, as she has attempted to do, to subject his property, after the trust provided in her husband's will, to further trusts during the lives of her own children " *and the heirs of any of her deceased children*," who might not necessarily be his children nor in being at his decease.

The language of her husband's will was sufficient to carry the fee to his children in the absence of an explicit designation of lawful beneficiaries by his wife of the remainder of his estate.

In this connection it will be noted that her estate is returned by the accountant as amounting to $49,659.55, while the estate of her husband was adjudicated upon settlement as being $38,968.84. It would thus appear that she had certain property of her own aside from her husband's estate to which her will could apply.

There is not sufficient information before me to pass upon the question how much of Michael's estate, by way of principal and increase, the executrix has charged to herself as part of Mrs. Guiltinan's estate.

It follows that the designation of beneficiaries attempted by her will was invalid.

Decreed accordingly.