Edgar F. Hazleton, S.
The executors and trustees of the above-named decedent have petitioned for the settlement of their account (final as to the executors and intermediate as to the trustees) and, as an incident thereto, request a construction as to whether or not the will of Christina McLaren Brown, the deceased wife of the above-named decedent (who survived the decedent) effectively exercised a power of appointment granted said widow under the will of her deceased husband.
The husband died on February 24, 1953 leaving a will dated September 28,1948 which was admitted to probate by this court on March 9, 1953. Under the terms of this will he created a trust whereunder the net income therefrom was to be paid to the widow for her life. The testamentary trust provided as follows: “Upon the death of my said wife, Christina McLaren Brown, I give, devise and bequeath, free of the trust, so much of the principal of the trust fund as shall then remain in the hands of the trustees, to such person or persons (including the estate of my said wife, in favor of which estate my wife may exercise the within power to appoint) and in such proportion as my said wife by her last will and testament, or by other instrument *772 acknowledged in form as for a recordable instrument, may have directed, this power of appointment being exercisable by my said wife alone in all events.” (Emphasis supplied.)
In the event his wife should fail to exercise the power, his trustees were to continue to hold the principal of the trust during the life of his daughter, Christine Brown Smith, to whom they were to pay the net income and upon her death the principal was to be paid over and delivered to her issue then living, in equal shares per stirpes, and in default of issue, one half of the principal to Bradley Smith, his daughter’s husband, and the other half to those who would take in intestacy had his death occurred at that time.
Decedent’s widow died on December 15, 1954 leaving a will dated December 19,1949 which was admitted to probate by this court on January 8, 1957. Under the terms of the widow’s will she bequeathed her daughter all of her stock in and bonds of McLaren Properties, Inc., a family real estate corporation, and all of her personal and household effects and expressly provided that these specific bequests should be free of estate taxes, such taxes to be payable out of the residuary estate. The latter was placed by the testatrix in trust with the net income payable to her daughter during her life and with discretion in her trustees (her deceased husband, her daughter and George L. Kremer) to invade the principal of said trust for the benefit of the daughter as below indicated, up to the sum of $10,000. The will further provides that upon the death of the testatrix’ daughter the then remaining corpus of the trust was devised and bequeathed to the daughter’s issue, in equal shares per stirpes. Paragraph “ fourth ” of her will is as follows:
“fourth: All the rest, residue and remainder of my property, both real and personal, of every kind and description and wheresoever situate, which at the time of my death shall belong to me, referred to in this my Will as my residuary estate, I give, devise and bequeath to my trustees, hereinafter named, in trust, however, to hold and invest the same during the life of my daughter, Christine brown smith, and to pay over to her the net income derived therefrom during her life. If, in the absolute and uncontrolled judgment and discretion of my trustees, it shall be necessary for the maintenance and comfort of said Christine brown smith, my trustees may invade the principal of said trust up to but not exceeding the sum of Ten Thousand ($10,000.00) Dollars and expend or apply, or pay over to said Christine brown smith, said principal, not in excess of Ten Thousand ($10,000.00) Dollars, for the purpose of providing such maintenance and comfort of said Christine brown smith. *773 Upon the death of Christine brown smith, I give, devise and bequeath the principal of said trust, then remaining, to the issue of my said daughter, Christine brown smith, in equal shares, per stirpes. ’ ’
The accounting trustees of the testator’s estate have taken the position that the testatrix did not affirmatively exercise the power of appointment despite the utilization in her will of the residuary clause quoted above and further contend that due to such failure to exercise the power of appointment, such accounting trustees should continue to administer the principal of said trust as trustees of the testator’s estate. On the other hand, the executors and trustees of the testatrix’ estate contend that the residuary clause effectively operated as an exercise of the power of appointment and seek delivery of the trust property. The special guardian for the minor issue of testatrix’ daughter, by report dated August 13, 1957 supports the contention of the testatrix’ executors and trustees (including Christine Brown Smith, the mother of his wards) that the testatrix exercised the power of appointment by necessary implication under the language of the residuary clause of her will.
The parties, by stipulation, have agreed that the issue regarding the exercise or nonexercise of the power of appointment by the testatrix should be determined by the court on memoranda and limiting the determination of the issue to the provisions of both wills and of the facts as set forth in the petition of the accounting trustees of the testator and in the answer of the executors and trustees of the testatrix.
It is conceded that the widow did not expressly execute the power, as permitted under the testator’s will by any nontestamentary document nor did she specifically mention in her will that she was exercising such power of appointment.
The residuary clause of her will, however, did dispose of all her property in the language above quoted.
Due to the morass created by judicial opinion under common-law principles dealing with the exercise of powers of appointment, the Legislature enacted section 18 of the Personal Property Law and section 176 of the Real Property Law. Under these sections, the Legislature created a presumption that such powers were exercised by wills purporting to pass all of the property of the donees of such powers unless such testators expressly or by necesssary implication indicated a contrary intent. (Lockwood v. Mildeberger, 159 N. Y. 181; Low v. Bankers Trust Co., 270 N. Y. 143; Chase Nat. Bank v. Chicago Title & Trust Co., 246 App. Div. 201, affd. 271 N. Y. 602, *774 motion for reargument denied 271 N. Y. 659; Matter of Smith, 279 App. Div. 140, affd. 304 N. Y. 612.)
While the question is one of intention (Matter of Spitzmuller, 279 App. Div. 233, affd. 304 N. Y. 608) it was obviously the intent of the Legislature, in enacting section 18 of the Personal Property Law and section 176 of the Beal Property Law, to eradicate to some extent, the confusion in this area. Accordingly, at the very least, the statutory presumption of an exercise of powers of appointment created by such sections must be granted substantial weight by the courts in carrying out this legislative intent. Since the testatrix did not expressly refer to the exercise or nonexercise of the power, her intention must be garnered from the will, as construed in light of statutory law existing at the time of its execution.
For the contention of the petitioners to prevail the court must be convinced that the testatrix intended not to exercise the power through a clear and unequivocal demonstration of such intent by the “ necessary implication ” envisaged by these statutes from the terms of her will and the submitted facts.
In Lockwood v. Mildeberger (supra), our Court of Appeals at page 186, defined “ necessary implication ’ ’ as used in the statutes here involved: “ Necessary implication results only where the will permits of no other interpretation. Necessary is defined to mean: ‘ Such as must be; ’ * * * ‘ Inevitable.’ The intent not to execute the power, therefore, must not be implied unless it so clearly appears that it is not to be avoided.” (Emphasis supplied.)
The court has carefully studied the provisions of the wills of decedent and of his later deceased wife. Such an analysis discloses a dominant intent by the decedent to benefit his widow, his daughter and his grandchildren, all natural objects, in differing degrees, of his bounty. The will of his wife' likewise showed a dominant intent to provide fully, first for her daughter and then her issue. Not only did the widow bequeath all of her personally owned property outright to her daughter, free of estate tax, but also, in creating a trust with the income payable to her daughter, granted her trustees power to invade principal, to a limited extent, for the benefit of such daughter. The latter and the special guardian, in opposing the petition of decedent’s trustees, view the benefits available through the terms of the widow’s will, as more beneficial to both the daughter and her issue, the natural objects of the widow’s bounty. I share this view. The daughter was appointed executrix and trustee under the widow’s will and has the advantage of an invasion of principal clause up to $10,000, in addition to *775 income. Likewise, in default of the exercise of the power, decedent directed the remainder of the trust to the daughter’s issue then living and, in default of such issue, one half of the corpus to Bradley Smith and the other half to decedent’s distributees. Under the widow’s will the remainder of the- trust is granted to the daughter’s issue per stirpes without limitation as to survivorship and with no gift over.
On the other hand, decedent’s trustees argue that the testamentary scheme of both the decedent and the testatrix is substantially the same and this, in their view, indicates an implied intent by the testatrix not to exercise the power on the premise that such an exercise was unnecessary to accomplish the testatrix’ objectives. This argument fails in two respects in that (a) the testatrix’ will is in fact more favorable to the daughter and her issue and (b) assuming that the testamentary scheme of both wills were substantially identical, such fact would not support any necessary implication that the power was not intended to be exercised by the testatrix particularly in the face of the heavy statutory presumption to the contrary. The contention of dispositive similarity of both wills is, in effect, a concession that the will of the testatrix cannot be deemed to unequivocally indicate an intent by the widow not to exercise the power.
Petitioners also contend that the decedent intended an express exercise of the power. The will must be construed in the light of statutory law existing at the time of its execution and the language of the will regarding the mode of the exercise of the power falls far short of abrogating the impact of these statutes. As noted by the special guardian, both the decedent here and his widow are “ chargeable with knowledge that the power of appointment could be exercised by a will disposing of the entire estate where no contrary intent was made manifest.” (Cf. Low v. Bankers Trust Co., supra, p. 150.) The quantum of proof regarding intention must be preponderantly heavy to negative the statutory presumption as to intent although the presumption may be rebuttable. (Chase Nat. Bank v. Chicago Title & Trust Co., supra.) Any contrary rule would eliminate to a large extent the beneficial results intended by the Legislature in enacting these statutes. It is not the function of the courts to legislate and, in construing statutory law, the courts should strive to carry out the legislative intent and mandate. It should be noted that in Matter of Deane (155 N. Y. S. 2d 410) the statutory presumption of exercise was given effect even though it resulted in the deprivation of testatrix’ son of bis share of a sizable trnst fund. Obviously, no *776 different result should obtain here where a holding of exercise of the power is beneficial to the daughter of the testatrix.
I am of the opinion that the decedent intended his widow to exercise the power expressly or by necessary implication as provided under then existing statutory law either by a separate instrument during her lifetime or by her will. I find that the widow by the language of her will, particularly the broad scope of the residuary clause, intended to and did exercise the power of appointment. (Lockwood v. Mildeberger, supra; Matter of Holtorf, 117 N. Y. S. 2d 804.) Her will is utterly devoid of any dispositive or other language necessary to support a finding that by necessary implication she intended not to exercise the power. (Matter of Smith, supra.)
Petitioners likewise contend that the residuary clause in the widow’s will is limited to a disposition of “ her property ” and precludes the passing of the appointive property which is “ the property ” of the decedent. I find that the widow intended by her residuary clause to bequeath all her property including any property over which she had a power of appointment and, with or without the aid of the presumption supplied by the applicable statutes, this is sufficient to predicate an exercise of the power and the inclusion in her estate of property over which she had a power of appointment. (Van Wagenen v. Fox, 22 N. Y. S. 2d 803, 809; Matter of Flewwellin, 122 Misc. 256.) If she had expressly referred to appointive property, no problem of implication or construction would exist. To limit the operation of her residuary clause to “her property” in the strict legal ‘ sense urged by petitioners would violate the widow’s intent insofar as it is discernible from the will and would nullify the statutory presumption. (Matter of Van Hoesen, 67 N. Y. S. 2d 503.) Under the facts and statutes here involved, Riker v. Cornwell (113 N. Y. 115) cited by petitioners, is clearly inapplicable.
All parties agree that the estate tax payable by the widow’s estate will be computed by the inclusion of the value of the appointive property therein and that the latter will be chargeable with its prorata share of such taxes under section 124 of the Decedent Estate Law. (Matter of Jones, 158 N. Y. S. 2d 861.)
There being no objections to the account, it is settled as filed, subject to supplement to the date of decree.
Settle decree on notice.