Desmond, J.
The proceeding is for judicial settlement of an intermediate account of the trustee of a living trust made by Albert L. Deane in 1932. The accounting bank asked also for a construction of the will of Claire Courteol Deane to determine whether Mrs. Deane, the former wife of the trust’s settlor, had in that will exercised the power of appointment granted to her by the trust agreement. The trust corpus of which that testatrix was during her lifetime the income beneficiary consists of personal property and the question of law is as to whether the will, which did not mention the power of appointment at all, constituted an exercise of that power. Section 18 of the Personal *330 Property Law states the applicable rule as follows: “ § 18. Power to bequeath executed by general provision in will Personal property embraced in a power to bequeath, passes by a will or testament purporting to pass all the personal property of the testator; unless the intent, that the will or testament shall not operate as an execution of the power, appears therein either expressly or by necessary implication. ’ ’ Under that statute (which changed the common law in this respect, Lockwood v. Mildeberger, 159 N. Y. 181, 187) a will which bequeaths all the testator’s personal property (as to real property see similar statute — Real Property Law, § 176) constitutes an exercise of a power of appointment unless a contrary intent appears “ therein ” (that is, in the will) either expressly or by necessary implication. Long ago, in Lockwood v. Mildeberger (supra, p. 186), we emphasized that the intent not to execute the power must appear in the will itself either expressly or by necessary implication and that such a “ Necessary implication results only where the will permits of no other interpretation ” (see, also, Low v. Bankers Trust Co., 270 N. Y. 143,150). Finding in this will of Mrs. Deane neither an expression of intent not to exercise the power nor anything raising a necessary implication of such an intent, the courts below correctly held that the bequest by Mrs. Deane, hereafter described, of all her personal property was under the statute an exercise of the power to appoint.
The appellants here, in addition to the trustee of the inter vivos trust, are the only child of the testatrix and her sister who together would, in default of the exercise of the power of appointment, have taken the whole of the trust corpus (two thirds to the son, one third to the sister). The respondent is a special guardian representing Mrs. Deane’s sole legatee who was her infant grandson and the only child of her only son.
At the time of the making of the living trust the settlor Albert L. Deane (who was then the husband of our testatrix Mrs. Deane but was divorced in 1942 and who is living and since the death of Mrs. Deane the income beneficiary of the living trust) was a resident of Westchester County in this State. The trust agreement provides that the validity of the construction of the trust identure shall be determined by the laws of the State of New York. Appellants attempt to argue that the will of *331 testatrix Mrs. Deane is to be construed (and the question as to the exercise of the power decided) according to the laws of Texas where the will was executed or of New Jersey or Hawaii, of one or the other of which jurisdictions testatrix might have been considered a resident at the time of her death, or of some other “common-law” jurisdiction. On the contrary, it was settled by our decision in Matter of New York Life Ins. & Trust Co. (209 N. Y. 585) that the construction of a will insofar as it involves the exercise or no of a power of appointment 1‘ is governed by the law of this state, the domicile of the donor of the power, and the situs of the property”. Our court in the Per Curiam, opinion in the New York Life case (supra) stated that it was adopting the Massachusetts rule as found in Sewall v. Wilmer (132 Mass. 131) but the same rule had been applied in many earlier decisions in the lower courts of New York State and has been followed many times since in our lower courts (see City Bank Farmers Trust Co. v. Meyn, 263 App. Div. 671, 674). It is based on the fact or theory that the property being disposed of is that of the donor of the power, not of the donee. The English cases are in accord (see as described in Matter of Harriman, 124 Misc. 320, 326). Chancellor Kehstt pointed out that the estate created by the execution of a power takes.effect as if created by the deed which created the power and that the party who takes on the execution of a power does so under the authority of the grantor, not the grantee, of the power (see as quoted in Matter of Harbeck, 161 N. Y. 211, 218). This rule applying the law of the domicile of the donor of the power seems to be followed generally in the United States and it is the law of New Jersey, the State which is recited in Mrs. Deane’s will as being her domicile (Farnham v. Pennsylvania Co., 87 N. J. Eq. 108, affd. 87 N. J. Eq. 652). Matter of Spitzmuller (304 N. Y. 608) is not and cannot be authority to the contrary since there the same person was both creator and donee of the power and never had a domicile in New York.
This will of Mrs. Deane does make further provisions as to disposition of the estate in case the grandson should not be living at the death of testatrix but, of course, these alternative provisions never came into effect. The will further appoints Lyttleton Deane, the son of testatrix and father of the infant beneficiary of the will, as the sole executor with provisions for *332 substitution in case he should predecease his mother. That is all there is to the testament. Obviously, an intent not to execute the power of appointment does not appear “ therein ” expressly or by necessary implication or in any other manner.
Appellants would have us say that the evidence here conclu- . sively rebuts the presumption of section 18 that an exercise of the power of appointment was intended. But the evidence to which appellants refer and which was admitted at the trial over objection of respondent and partly stricken out afterwards was not admissible at all since under section 18 the presumption of that statute may be rebutted only by the express language or the necessary implication of the express language of the will itself. No case in this court holds otherwise and in view of the plain language of the statute there could hardly be a contrary holding. The only real reliance of appellants in this connection is Chase Nat. Bank v. Chicago Tit. & Trust Co. (271 N. Y. 602). In that case there was a long opinion by the Referee (155 Misc. 61) which discussed outside evidence of intent but that outside evidence should not have been considered and had no effect on the result in our court. The McCormick will involved in that Chase National Bank case (supra) was just like the will we are considering here in that it did not refer at all to the trust instrument or the power of appointment or the trust property but made general bequests only (see description of that will at 246 App. Div. 203).
On the trial of this case, over the objection of respondent, the court took evidence which was undisputed of the close and affectionate relationship between testatrix and her son. It was proven that this will was made in Texas where testatrix was visiting the residence of her son and his wife who were of no large financial means and to whom testatrix had been in the habit of giving generous financial assistance. The trial court took, also, testimony from the Texas attorney who had drawn the will. This attorney testified that testatrix came to his office with her son and daughter-in-law, that the attorney asked her what her estate consisted of and she replied that it amounted to $50,000 to $60,000 (which would not include the trust corpus of some $800,000). During the conversation of testatrix with this attorney, at which conversation her son and daughter-in-law were present, the testatrix mentioned that *333 she had an income from a trust, undoubtedly meaning this living trust. She then said in answer to questions from the attorney and her son that her son and the sister of testatrix would be taken care of out of a trust whereupon the attorney stated and testatrix agreed that it would not be necessary to mention the trust in the will. Of course, this would be some evidence that testatrix thought that if she did not mention the trust in her will her son and sister would get the trust corpus. But on a reserved motion the Trial Justice struck out the testimony as to this conversation saying that “ Concededly ” it had no probative value. Appellants question this ruling but it is clearly the law that the terms of a will may not be changed by proof of what testatrix stated as to her intent (Matter of Smith, 254 N. Y. 283). The Smith opinion (supra, p. 289) says that “ direct statements of intention” are not admissible in the interpretation of wills, and says further (p. 290) that it is the “ settled rule ” that “ express declarations of intention, not contained in a will, except in cases of equivocation as to the subject or object of a gift, may never be shown”. The trial court did not, it seems, strike out the rest of the proffered evidence of intent which he described as ‘ ‘ consisting for the most part of proof as to the family background and relations of the parties ” but the court did say that this part of the proof was “wholly insufficient to rebut the presumption of intention created by the statute ”. We hold that, because of the express language of section 18, this proof was not even admissible on the question of whether this will exercised the power of appointment. But, even if it were admissible (that is, everything except the statements of testatrix), it clearly would not rebut the statutory presumption that a general bequest exercises the power of appointment. This proof which the court allowed to stand did establish that testatrix was extremely fond of her adopted son and his wife and generous to them as well as to her sister. While all this might make one wonder why she should give this large trust fund corpus to her grandchild alone, it did not prove that such was not her intention. At any rate, as we have said before, the proof to rebut the statutory presumption must be found in the will itself, as the statute expressly says, and there was nothing in this will to that effect.
*334 The order appealed from should he affirmed, with costs to all parties appearing separately and filing separate briefs payable out of the trust.
Chief Judge Conway and Judges Dye, Fold, Froessel, Van Voorhis and Burke concur.
Order affirmed.