In the Matter of the Final Accounting of MORGAN GUARANTY TRUST COMPANY OF NEW YORK, as Trustee under an Indenture Trust Made by DAGMAR BAUER, Respondent. ROSANNA ARNOTT, as Executrix of GABRIEL POPP, Deceased, et al., Appellants. MIDLAND BANK EXECUTOR AND TRUSTEE COMPANY LIMITED, as Executor of DAGMAR BAUER, et al., Respondents.

First Department, June 27, 1961.

*Alfred J. Bedard* of counsel (*Andrew E. Ullmann* and *Robert Granville Burke* with him on the brief). *Alfred J. Bedard,* attorney for Rosanna Arnott and others; *Chapman & Burke,* attorneys for Victor H. Luneborg and others; *Sullivan & Ullmann,* attorneys for Samuel Popp and others, appellants.

*Michael Alexander* of counsel (*Harold Seider* with him on the brief; *Bernard B. Smith,* attorney), for Midland Bank Executor and Trustee Company Limited and others, respondents.

*Davis Polk Wardwell Sunderland & Kiendl* for Guaranty Trust Company of New York, respondent.

STEVENS, J. This is an appeal from an order which settled an *inter vivos* trust account and determined that a power of appointment reserved in the trust indenture had been properly exercised and a valid disposition made of the corpus of the trust by will.

In 1917, Dagmar Bauer, hereinafter called the settlor, a resident of New York, executed an irrevocable trust indenture. The trust provided that she was to receive a life income and the remainder to her husband. In the event her husband predeceased her the principal was to be distributed "to such person or persons as the Settlor may by her last will and testament appoint, and failing valid disposition thereof by such last will and testament, then unto such person or persons as may be defined as the next of kin of the Settlor pursuant to the statutes of the State of New York as of the date of this instrument."

The settlor's husband predeceased her and she died in 1956, a resident of London, England. A will which she had executed in London in 1954 was admitted to probate in England in 1957. Pursuant to its terms she provided that the principal of the trust be given to the Midland Bank Executor and Trustee Company Limited to pay the income arising from said trust to two nieces "during their lives in equal shares as tenants in common and the whole of such income to the survivor of them during her life." After the death of the survivor the Midland Bank was directed to hold the principal and income in further trust for the general purposes of a specified recognized charity.

The residuary clause of such will further provided: " I GIVE DEVISE and BEQUEATH all my real and personal estate and effects, whatsoever and wheresoever of or to which I shall be seised possessed or entitled at my death  *  *  *  or over which I shall then have any general power of appointment or testamentary disposition except the property otherwise disposed of by this my Will or any Codicil hereto unto the Company In trust for Dr. Barnados Homes National Incorporated Association of Stepney Causeway London for the general purposes of such Institution ".

The questions with which we are principally concerned on this appeal are (1) whether the laws of New York or England should be applied in construing the trust and in determining whether the power was validly exercised, (2) did the exercise of the power of appointment of the trust violate the rule against perpetuities as it existed at the time of the settlor's death, and

(3) if such power was invalidly exercised what disposition should be made of the corpus.

In determining the first question, the general rule is that the determination of a proper exercise of a power of appointment under a will is governed by the law of the domicile of the donor of the power and the situs of the property. (*Matter of Deane*, 4 N Y 2d 326 [1958]; *Matter of New York Life Ins. & Trust Co.*, 209 N. Y. 585 [1913].) However, where the donor and the donee are the same, the intention at the time of the creation of the trust determines the law to be applied. (*Matter of Pratt*, 5 A D 2d 501 [1st Dept., 1958], affd. 8 N Y 2d 855.) In this case certain facts should be emphasized. The deed of trust was executed in New York and the trustee is a New York banking corporation. The trust was accepted in this State. The corpus and administration of the trust has been and is here. Furthermore, the language of the indenture specifically provides that in the event the power of appointment fails the proceeds should be distributed under the New York laws of intestate succession. It would seem that it was the intention of the settlor to have New York law apply generally to all questions of distribution or construction of the instrument. Accordingly we hold that New York law applies.

In determining, under New York law, whether the exercise of her testamentary power of appointment violated the rule against perpetuities (Personal Property Law, § 11, as it existed at the time of settlor's death), it is necessary to determine first what interest the settlor created in herself when she executed the trust indenture in 1917.

The law is if the settlor by the terms of the trust created a reversionary interest in herself during her lifetime the permissible period of a suspension of alienation would be measured from the time of her death. If, however, she created a remainder interest in the trust the permissible period of suspension must be computed from the time of the creation of such trust. (*Guaranty Trust Co.* v. *New York Trust Co.*, 297 N. Y. 45 [1947]; *Morgan* v. *Keyes*, 302 N. Y. 439 [1951].)

Whatever the rationale for the distinction between remainder or residuary rights of such trust may be, the practical effect in this case is to defeat the settlor's attempted exercise of appointment under the will. From the wording of the indenture it is clear that the settlor retained no control over the trust property. The only power of alienation which she retained was a testamentary power to appoint. Under the circumstances she created a remainder interest (*Richardson* v. *Richardson*, 298 N. Y. 135 [1948]). Accordingly her own life must be considered as a measuring life. Thus the power of appointment is invalid for

it suspends the alienation of the trust for three lives in being, her own and those of her two nieces. Nor can this invalidity be cured in any manner to uphold the general plan of the settlor to provide a life income for her nieces. For while invalid provisions may be stricken where they are secondary or contingent to the general intent of the testator (cf. *Matter of Horner,* 237 N. Y. 489), this may not be done where, as in this case, the invalid direction to pay the income to the two nieces is not a secondary or subsidiary consideration, but is primary, definite and fixed.

The final question we must decide is what distribution of the trust assets, consisting of personal property, should be made. '' Personal property embraced in a power to bequeath, passes by a will or testament purporting to pass all the personal property of the testator; unless the intent, that the will or testament shall not operate as an execution of the power, appears therein either expressly or by necessary implication.'' (Personal Property Law, § 18.)

This section has been construed to mean that the residuary clause of a will carries with it all property embraced in a power to appoint when not specifically or *validly* disposed of by prior provisions of the will unless a *clear contrary intention is shown.* (*Lockwood* v. *Mildeberger,* 159 N. Y. 181 [1899]; *McLean* v. *McLean,* 174 App. Div. 152 [2d Dept., 1916], affd. 223 N. Y. 695; *Van Wagenen* v. *Fox,* 22 N. Y. S. 2d 803 [Supreme Ct., N. Y. County, 1940]; *Matter of Bearns,* 23 N. Y. S. 2d 1006 [Surrogate's Ct., N. Y. County, 1939].) In *Riker* v. *Cornwell* (113 N. Y. 115 [1889]) the court said at page 127: '' ' It is also said, in substance, that to exclude what would fall by lapse or invalid disposition, as it may be supposed that the testator did not intend to die intestate as to any portion of his property, the law requires that he should use words limiting the gift of the residue and showing an intention to exclude such portions of his estate as may fail to pass.' '' Is such a contrary intention shown here?

In this case the residuary clause of the will provides, in effect, that all property, including any property over which the settlor then had any power of appointment unless '' otherwise disposed of by this my Will '' was to be held in trust for the named charity. By virtue of the language employed by her in the residuary clause it must be concluded that the words unless '' otherwise disposed of by this my Will '' must mean unless '' otherwise validly disposed of by this my Will.'' The clear intention of the will was to provide that the property eventually be given to charity. The residuary clause, therefore, provides for the very contingency of the failure of the power of appointment by leaving the remainder to charity.

Since the exercise of the power of appointment to her two nieces is invalid the specific language of the residuary clause indicates a clear intention by the settlor to dispose of her property in the manner therein provided.

Nor can it be said that the provisions of the trust indenture manifest a different intention on her part. The indenture states that in the event of a failure to appoint under a will the corpus of the trust was to pass by intestacy. This appears to be nothing more than a direction that in the event of an absolute failure of appointment New York laws of intestate succession apply. However, there was a valid disposition of property under the will. The later intention to ultimately bequeath her property to charity under the residuary clause of the will executed in 1954 must be given greater weight than any earlier intention to dispose of her property by intestacy as provided under the trust indenture executed in 1917. Finally, the intention of the will is sufficiently clear within itself without the necessity of resorting to any contrary implication which may be found in another instrument. (*Matter of Deane,* 4 N Y 2d 326 [1958], *supra.*)

The order appealed from should be modified on the law, with costs to all parties filing briefs, payable out of the fund, to the extent of holding that the power of appointment was not properly exercised in the first codicil of her will; that the power of appointment was effectively exercised in the residuary clause of the will, and that the petitioner-respondent be directed to distribute the balance of the trust fund remaining after proper disbursements are made to the Midland Bank Executor and Trustee Company Limited to hold in accordance with the residuary clause of the will. Settle order in accordance herewith.

BREITEL, J. (dissenting in part). There is no dispute in the court that the exercise of the power of appointment contained in the specific bequests is invalid, and that, being invalid, their provisions offer no opportunity for judicial surgery such as may save the bequests, including the gift over after the deaths of the two nieces. The point of disagreement in the court arises only in the effort to accomplish the equivalent of judicial surgery by reading the residuary clause, not in accordance with its language, but in purported construction of the intention of the testatrix, as constituting an alternative exercise of the power of appointment.

When courts indulge in the subtle process of surgery to save gifts affected by the two-life rule, the limitations on that process are distinct and restrictive (Personal Property Law, § 11; e.g.:

*Kalish* v. *Kalish,* 166 N. Y. 368; *Matter of Lyons,* 271 N. Y. 204; *Matter of Eveland,* 284 N. Y. 64; *Matter of Phillipson,* 4 A D 2d 245, affd. 5 N Y 2d 920). Obviously, the same narrow restrictive limitations upon the power of the court apply equally in construing any other part of the will in the effort to overcome the invalidity effected by the statute.

Looking to the residuary clause in this will, it states in so many words that it is not applicable to "property otherwise disposed of by this * * * Will or any Codicil". No permissible construction can make this mean that the provision applies only to property of which valid, as distinct from invalid, disposition has been made by the will. Consequently, I cannot agree that the residuary clause can be converted to save the gift over in remainder after striking down the exercise of the power in the specific bequests because it violates the statute.

There is even a greater difficulty in the case. It is hazardous to assume, as the court seemingly does, that the primary object of the testatrix' bounty is the named charity. It may not be readily assumed that the gifts of life income from the trust fund to the two nieces were relatively unimportant parts of the testamentary plan and that the testatrix' intent may be substantially carried out by an immediate payment from the trust fund to the charity.

The life income provisions made substantial gifts to the only relatives named in the will, although there were many nieces, nephews, and children of deceased nieces and nephews. Moreover, prior to the 1954 codicil the will had provided for payment of an annuity to one of the nieces, and the codicil was written primarily to provide a life income for both nieces. This may well indicate that the nieces, at least by 1954, were the primary objects of the testatrix' bounty. After, but only after, they should die the charity was the sole object of her bounty. It is not unusual for a person late in life, for kindnesses received or out of sentiment, to suffer a major shift in attitude towards one's relatives. So too, might the parent of an only child be concerned with provisions for the lifetime of such an only child and thereafter care less concerning the disposition of the remainder. On the other hand, in another case a life income may be attached as a secondary matter to a substantial gift in fee, the donee of which is not seriously affected by a short postponement of the income. In this case I find no language or circumstances which suggest one motivation rather than another. Hence, there is more than the usual reason to adhere to the testamentary language without tampering.

It is often true that a testator's intention may be pursued thus far and no further. So, in a parallel case involving, however, gift by implication rather than attempted judicial surgery to save gifts affected by the two-life rule, it was said by the Court of Appeals: " This will differs from those in the various cases cited by the Surrogate in his opinion, in all of which cited cases the people to whom legacies by implication were declared were those who from the whole tenor of the will were in all possibility the ones to whom the testator wanted his estate to go in certain contingencies. In other words, in those cases one could discover a group of people to whom as a group the testator limited his beneficence. * * * Judge GRAY was writing about a case like the present one where the testator neglected to make a provision in the event of his sister and his brother failing to survive him. This court said in the *Hoffman* [201 N. Y. 247] case (p. 256) : ' This is not a case where the presumption against intestacy is available; it is simply the case of a contingency not provided for and whose happening has left portions of the residuary estate undisposed of.' That is answer enough, we think, to the argument of respondents in this case that the presumption against intestacy is so strong that we should conjure up a legacy by implication." (*Matter of Englis,* 2 N Y 2d 395, 403–404.)

Accordingly, I dissent in part and vote to modify the order to direct that the trustee distribute the fund as in the case of intestacy, as provided in the trust agreement, upon a failure to exercise the power of appointment.

BOTEIN, P. J., VALENTE and McNALLY, JJ., concur with STEVENS, J.; BREITEL, J., dissents in part in opinion.

Order entered on October 9, 1959, judicially settling the account of the petitioner as trustee, modified on the law, with costs to all parties filing briefs, payable out of the fund, to the extent of holding that the power of appointment was not properly exercised in the first codicil of her will; that the power of appointment was effectively exercised in the residuary clause of the will, and that the petitioner-respondent be directed to distribute the balance of the trust fund remaining after proper disbursements are made to the Midland Bank Executor and Trustee Company Limited to hold in accordance with the residuary clause of the will. Settle order on notice.